1 | George Frost (CA Bar # 158728)
Law Offices of George Frost
2 | 2930 Magnolia Street
Berkeley, CA 94705
3 | Telephone: (510) 666-0141
Facsimile: (510) 295-2562

## E-filing

4 | ___ Frost a comic st net

5 | Alexander Volchegursky (CA Bar # 209172)
235 Montgomery Street, Suite 600
San Francisco, CA 94104
6 | Telephone: (415) 986-4000
Facsimile: (415) 986-4001

7 |

8 | Attorneys for Plaintiff
Maponics, LLC

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**                **BY FAX** ADR

11 |                                                                                    BZ

MAPONICS, LLC, a Vermont limited liability      **Case No.** C07-05777
12 | company,

**COMPLAINT FOR COPYRIGHT
13 |                  Plaintiff,                            INFRINGEMENT, CONTRIBUTORY
                                                          INFRINGEMENT; REMOVAL OR
                  vs.                                     ALTERATION OF COPYRIGHT
14 |                                                       MANAGEMENT INFORMATION
BERNT WAHL, an individual; FACTLE, a       UNDER SEC. 1202 (A) AND (B); UNFAIR
15 | California corporation, and DOES 1-20,     COMPETITION; AND VIOLATIONS OF
inclusive                                                CAL. BUS. & PROF. CODE SECTION
16 |                                                       17200**
                  Defendants.
17 |                                                       **JURY TRIAL DEMANDED.**

18 | Plaintiff Maponics, LLC ("Maponics" or "Plaintiff") alleges for its Complaint as follows:

19 | ## NATURE OF CASE.

20 | 1.       Plaintiff brings this action for damages, permanent injunction and other relief

against Defendants Bernt Wahl ("Wahl"), Factle ("Factle," collectively with Wahl, the

"Defendants") and Does 1 through 20 for damage to its business by the Defendants'

24 | unauthorized copying, distribution, marketing and sales of products derived from and/or

1 | containing parts of its copyrighted mapping software, called the "Neighborhood Mapping Layer"

2 | (the "Copyrighted Work, or the "Work"). The Work is protected by copyright registration VA 1-

3 | 377-209 (the "Registration"), which was assigned to Maponics as part of an asset acquisition as

4 | of May 31, 2007. Maponics alleges the following facts on personal knowledge as to those facts

5 | concerning itself, and on information and belief as to all other facts.

6

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT.

7 | 2.     Plaintiff brings this action under the federal copyright laws to recover damages

8 | for injury sustained to its business and property. The Court has jurisdiction over this matter

9 | pursuant to 17 U.S.C. § 411. The Court has supplemental jurisdiction over Plaintiff's state law

10 | claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over those claims pursuant

11 | to 28 U.S.C. § 1332 because this is an action between citizens of different States and because the

12 | amount in controversy substantially exceeds $75,000. The Court has pendent jurisdiction for the

13 | California state claims alleged herein.

14 | 3.     Venue is proper in this district under 15 U.S.C. §§ 15 and 22, and under 28 U.S.C.

15 | §1391(b) and (c) because each named Defendant resides here, transacts business and is found

16 | within this district, and a substantial part of the events giving rise to the causes of actions alleged

17 | herein occurred within this district.

18 | 4.     Pursuant to Civil LR 3-2(c), this case should be subject to district-wide

19 | assignment since it involves intellectual property claims.

20 | ## THE PARTIES.

21 | 5.     Plaintiff is a limited liability company formed and existing under the laws of

22 | Vermont that has its principal place of business in that state.

23

24

1    6.    Plaintiff is informed and believes. and on that basis alleges. that Factle is a

2    California corporation with its principal place of business in Berkeley. California. and that Wahl

3    is an individual who resides within the Northern District of California.

4    7.    Plaintiff is informed and believes. and on that basis alleges. that the Doe

5    Defendants are former owners. developers and/or providers of versions of the subject Work

6    containing Plaintiff's copyrighted materials who did not obtain permission. and/or who exceeded

7    the scope of their authorization to copy. distribute. market or sell these materials. either directly

8    or through third parties. including Wahl. The true names and capacities. whether corporate.

9    associate. individual. partnerships or otherwise of Defendants DOES 1 through 20 are unknown

10   to Plaintiff. who therefore sues said Defendants by such fictitious names. Plaintiff is informed

11   and believes. and on that basis alleges. that each of the Defendants designated herein as a DOE is

12   legally responsible in some manner for the events and occurrences herein referred to and

13   proximately caused injury and damages to Plaintiff as herein alleged. Plaintiff will amend this

14   complaint to name these Doe Defendants individually when their identities are ascertained.

15   ## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS.

16   8.    Plaintiff is informed and believes. and on that basis alleges. that for an unknown

17   period prior to July 29. 2007. Wahl was an independent contractor who provided software

18   development services on a work-for-hire basis to Homegain.com. Inc. ("HomeGain"). an

19   Emeryville. California-based company.

20   9.    Plaintiff is informed and believes. and on that basis alleges. that among the

21   services Wahl provided on a work-for-hire basis on behalf of HomeGain was to assist in

22   authoring that certain Copyrighted Work called the "Neighborhood Mapping Layer." bearing

     Registration number VA 1-377-209.

23

24

10.    The US Copyright Office provides the following information about the Copyrighted Work on its website:

**Registration Number / Date:** VA0001377209 / 2006-04-03
**Title:** Neighborhood mapping layer.
**Description:** Map.
**Copyright Claimant:** HomeGain.com. Inc.
**Date of Creation:** 2005
**Date of Publication:** 2006-01-15
**Authorship on Application:** map: Bernt R. Wahl. 1960-,
& HomeGain.com, Inc., employer for hire.

11.    Plaintiff is informed and believes. and on that basis alleges. that for an unknown period prior to July 29, 2007. Wahl may have been authorized to license and distribute certain of HomeGain's products and services under a Sales Referral Agreement. Plaintiff has not located any executed and enforceable copy of any such agreement. if it ever existed. between Wahl and HomeGain. despite Plaintiff's requests to HomeGain that it produce to Plaintiff any such executed agreement.

12.    Plaintiff is informed and believes. and on that basis alleges. that any Sales Referral Agreement between Wahl and HomeGain. if an executed and enforceable agreement ever existed. contained a licensing provision which granted Wahl limited rights to sell or license certain "Licensed Materials." further defined as "the neighborhoods data owned or developed by HomeGain." Specifically. this license included the information developed as part of and protected by copyright as the Neighborhood Mapping Layer. i.e.. "the names and boundaries of neighborhoods and sub-neighborhoods as well as their association with their cities and states."

13.    Plaintiff is informed and believes. and on that basis alleges. that Wahl had no other right. title or authorization to sell. license and or distribute products and services derived from and/or containing parts of the Neighborhood Mapping Layer except the license granted to him by HomeGain in this Sales Referral Agreement. if any executed agreement ever existed.

14.    Maponics entered into an Asset Purchase Agreement ("Agreement") effective as of May 31, 2007 ("Effective Date"), in which it acquired from HomeGain among other things "all rights" to the Neighborhood Mapping Layer, including "all right, title and interest in and to Copyright registration VA 1-377-209" and "all common law and statutory rights related to the copyright represented by the Registration, together with all goodwill symbolized thereby and connected therewith." A true and correct copy of the Agreement and the Assignment of Copyright is attached hereto as Exhibit A.

15.    Shortly after Maponics acquired these assets, including all rights to the Work, Wahl was notified that his rights under the Sales Referral Agreement would terminate. This notice (at minimum) came in the form of a letter to Wahl from HomeGain's Associate General Counsel, Thomas P. Newell, notifying Wahl that HomeGain had terminated its agreement with Wahl to distribute the "Licensed Materials," including all materials derived from and/or containing parts of the Work. A true and correct copy of the termination letter is attached hereto as Exhibit B. The termination letter was clear and unequivocal:

> In accordance with the provisions of Section 2.1 of the above-referenced Agreement, HomeGain hereby terminates the Sales Referral Agreement effective July 29, 2007. Accordingly, you are not authorized to enter into any agreements for the Licensed Materials after that date, nor shall you have the right to redistribute the Licensed Materials thereafter.

16.    Plaintiff is informed and believes, and on that basis alleges, that Wahl deliberately and intentionally ignored this notice of termination, and personally and/or through the company he controlled, Factle, continued to enter into sales agreements and to distribute the Licensed Materials after the termination date of July 29, 2007.

17.    Plaintiff is informed and believes, and on that basis alleges, that Wahl and/or the company he controlled, Factle, persisted in this unauthorized and infringing activity even after having been warned by Plaintiff that his continued sales and distribution of the Licensed Materials constituted a willful infringement of Plaintiff's copyright in the Work. A true and

Complaint    5

1    correct copy of the cease and desist letter sent to Defendants is attached hereto as Exhibit C.

2    This lawsuit ensues.

3                                    **FIRST CAUSE OF ACTION.**
                        **(Copyright Infringement in Violation of 17 U.S.C. §101 et. seq.)**
4

5        18.      Plaintiff realleges and incorporates by reference as if fully set forth herein the

6    allegations contained in paragraphs 1 through 17, inclusive.

7        19.      Plaintiff is the owner of a valid copyright in the subject Work that has been

     offered for sale, reproduced, and distributed by the Defendants, for a fee received by Defendants,
8
     without authorization or permission from or compensation to the Plaintiff. The subject Work is
9
     an original work of authorship and copyrightable subject matter under 17 U.S.C. §101 et seq.
10
     and has been registered with the United States Copyright Office.
11

12       20.      Plaintiff is the exclusive owner of the copyright associated with the Copyrighted

     Work alleged herein.
13

14       21.      The work was created and first published after January 1, 1978.

15       22.      Defendants had access to the Copyrighted Work, which Wahl had helped develop

     as an independent contractor, and which was later sold, licensed and disseminated by and to
16
     many others.
17

18       23.      Defendants continued to reproduce, market, distribute and sell the work after

     authorization had been terminated, and without any prior permission or authorization from the
19
     Plaintiff.
20

21       24.      As a result of Defendants' acts of copyright infringement and the foregoing

     allegations, Plaintiff has suffered damages in an amount to be proven at trial.
22

23

24

     Complaint                                   6

1

## SECOND CAUSE OF ACTION.
### (Contributory Copyright Infringement)

2

3        25.     Plaintiff realleges and incorporates by reference as if fully set forth herein the

4    allegations contained in paragraphs 1 through 24, inclusive.

5        26.     Plaintiff is informed and believes, and on that basis alleges, that the Doe

6    Defendants induced Wahl and/or Factle to engage in the reproduction, distribution and sales of

7    Plaintiff's Copyright Work when the Defendant had no authority to make such reproductions or

     to authorize others to make such reproductions. The Doe Defendants did this intentionally.

8    maliciously, willfully and in complete disregard of Plaintiff's rights, and knowing that Plaintiff

9    owned and copyrighted the subject Works.

10       27.     As a result of the acts of contributory copyright infringement and the foregoing

11   allegations, Plaintiff has suffered damages in an amount to be proven at trial.

12

## THIRD CAUSE OF ACTION.
13   ### (Provision of False Copyright Information in Violation of 17 U.S.C. §§1202 (a) and (b).)

14       28.     Plaintiff realleges and incorporates by reference as if fully set forth herein the

15   allegations contained in paragraphs 1 through 27, inclusive.

16       29.     Defendant knowingly provided and/or publicly distributed false copyright

17   management information.

18       30.     Defendant knowingly removed, and/or distributed copyright management

19   information that had been altered without authority of the copyright owner.

20       31.     As a result of Defendant's acts and the foregoing allegations, Plaintiff has

21   suffered damages in an amount to be proven at trial.

22

23

24

Complaint                                    7

1

## FOURTH CAUSE OF ACTION.
### (Unfair Competition)

2

3

32.     Plaintiff realleges and incorporates by reference as if fully set forth herein the

allegations contained in paragraphs 1 through 31, inclusive.

4

5

33.     Defendants have falsely represented, and caused to be falsely represented on

websites and marketing promotional materials, the origin and ownership of Plaintiff's software

6

products in a manner that is likely to cause confusion, and deceive potential customers as to the

7

affiliation, and association of the products and services to Plaintiff's product.

8

34.     The actions of Defendants as described hereinabove constitute unfair competition

9

under common law.

10

35.     As a proximate result of Defendants' conduct described hereinabove, Plaintiff has

11

been damaged in an amount to be proven at trial.

12

36.     Defendants have at all given times acted in bad faith, oppressively and

13

maliciously towards Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to

14

exemplary and/or treble damages against Defendants.  Plaintiff will seek leave to amend this

15

Complaint when such damages have been ascertained.

16

37.     Plaintiff has suffered irreparable harm as a direct and proximate result of

17

Defendants' use of such false representations, including injury to its goodwill and reputation in

18

the marketplace, and the expenditure of attorney fees, for which Plaintiff has no adequate remedy

19

at law.  Plaintiff will continue to suffer this irreparable harm until Defendants' deceptive acts are

20

enjoined by this Court.

21

22

23

24

Complaint                                  8

## FIFTH CAUSE OF ACTION.
### (Violation of California Business and Professions Code § 17200 et. seq.)

38.     Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 37. inclusive.

39.     The acts of Defendants as described above constitute violations under California Business and Professions Code § 17200 et seq. in that they are unfair. illegal and/or deceptive.

40.     Defendants have been unjustly enriched as a proximate result of these unfair practices and accordingly must make full restitution to Plaintiff pursuant to California Business and Professions Code § 17203.

41.     The acts of Defendants as described hereinabove have caused and are continuing to cause irreparable injury to Plaintiff. for which there is no adequate remedy at law. and such irreparable injury will continue unless Defendants are enjoined by this Court.

## PRAYER

WHEREFORE. Plaintiff prays for relief and that judgment be entered against each Defendant as follows:

1.     Defendants and their agents. employees. servants. representatives. and all persons acting in concert or privity with him. be preliminarily and permanently enjoined from offering for sale. reproducing. or distributing any products derived from and/or containing any part of the Copyrighted Work without Plaintiff's express written permission:

2.     Defendant and their agents. employees. servants. representatives. and all persons acting in concert or privity with them. be preliminarily and permanently enjoined from continuing to perform in any manner further acts of copyright infringement:

3.     Defendants be required to pay to Plaintiff its actual damages sustained as a result of the activities complained of herein in an amount to be proven at trial. if Plaintiff so elects:

1       4.     Defendants be required to pay to Plaintiff statutory damages for deliberate and

2 willful infringement under 17 U.S.C. §504(c) of the Copyright Act. if Plaintiff so elects;

3       5.     Defendants be required to identify all acts of infringement, including all putative

4 "licenses" granted to others, and to account and pay to Plaintiff all profits derived by Defendants

5 and/or by any third party "licensed" or enabled by Defendants to distribute, sell or use software

6 derived from or containing any part of Plaintiff's Work, as a result of the activities complained

7 of herein;

8       6.     An order requiring Defendants to make full restitution for violations of California

9 Business and Professions Code § 17200. pursuant to § 17203 thereof.

10       7.     Defendants be required to pay Plaintiff's costs and reasonable attorneys` fees as

11 authorized under 17 U.S.C. §505 of the Copyright Act.

12       8.     An award of prejudgment interest from the date of each wrongful act and for

13 postjudgment interest as allowed by law;

14       9.     Defendants be required to pay punitive damages; and

15       10.    For such other and further relief as this Court deems reasonable and proper.

16

17 Dated:  November 14, 2007

18                                         Respectfully Submitted.

19                             By:        /George Frost/

                                      George Frost

20                                       Counsel for Plaintiff

21

22

23

24

Complaint                                10

1

## JURY TRIAL DEMAND.

2      Pursuant to Fed. R. Civ. P. 38(b), and Local Rule 3-6, Plaintiff demands a jury trial of all

3   issues triable by jury.

4

5   Dated:   November 14, 2007

6                                              Respectfully Submitted.

7                                      By:              /George Frost/
                                                George Frost
8                                               Counsel for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## ASSIGNMENT OF COPYRIGHT

WHEREAS, Maponics, LLC, a Vermont limited liability company ("Assignee"), is desirous of acquiring all right, title and interest in and to Copyright registration VA 1-377-209 (the "Registration"), including all common law and statutory rights related to the copyright represented by the Registration, together with all goodwill symbolized thereby and connected therewith; and

WHEREAS, HomeGain.com, Inc., a _Delaware_ Corporation ("Assignor"), owns the Registration, and the rights related thereto, including the common law and statutory rights and goodwill relating to said copyright and symbolized thereby.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

Assignor does hereby assign unto Assignee the Registration, together with all common law and statutory rights, titles and interests in and to said copyright and said Registration, together with the goodwill of the business connected with the use of, and symbolized by the copyright and all goodwill relating to the copyright, in the United States of America and its territories and in all foreign countries, and all rights of registration, maintenance, renewal and protection of said copyright in any form, and including all rights of recovery and of legal action for past infringements and of opposition and/or cancellation proceedings for protection of said copyright, and any and all claims with respect to any of the foregoing.



[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]



MAY-31-2007 06:38 AM   MAPONICS                    802 602 1004          P.02

IN WITNESS WHEREOF, the undersigned, have duly executed this Assignment of Copyrights on this 31 day of May, 2007.

ASSIGNEE:

MAPONICS, LLC

By: _____
Witness: _Beverly J. Newin_    Name: Darrin P Clement
          Name:                Title: President

ASSIGNOR:

HOMEGAIN.COM, INC

By: _____
Witness: _Thomas P. Newell_    Name: Louis Guinnantn
          Name: Thomas P. Newell    Title: General Manager

STATE OF CALIFORNIA )
                    ) SS
COUNTY OF CONTRA COSTA )

Sworn and subscribed to before me on this 4 day of May 2007, with the acknowledgment that the above identified signer of this document had authority to execute this instrument on behalf of HomeGain.com, Inc. .

_____
Notary Public

_____ County, CONTRA COSTA

My commission expires: _____

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

VA 1–377–209

EFFECTIVE DATE OF REGISTRATION

*April 3 2006*

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**Title of This Work ▼**

Neighborhood Mapping Layer

**NATURE OF THIS WORK ▼** See instructions

Map

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

## 2

**a** **NAME OF AUTHOR ▼**

Bernt R. Wahl

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
1960

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in **United States**

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☒ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** **Name of Author ▼**

HomeGain.com, Inc

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in **United States**

**Was This Author's Contribution to the Work**
Anonymous? ☒ Yes ☐ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☒ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed**
2005
This information must be given in all cases.

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month **January** Day **15** Year **2006**
**United States** Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

HomeGain.com, Inc
1250 45th Street, Ste 200
Emeryville CA 94608

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

By written agreement

**APPLICATION RECEIVED**
APR 03 2006
**ONE DEPOSIT RECEIVED**
APR 03 2006
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.    Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box ) ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**
a
See instructions
before completing
this space
b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                   Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼
Dana Lock, Esq
Fenwick & West LLP
801 California Street
Mountain View  CA 94041

Area code and daytime telephone number   ( 650 ) 335 7618          Fax number   ( 650 ) 938 5200
Email  dlock@fenwick com

**7**
a
b

**CERTIFICATION\*** I  the undersigned  hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive rights
☑ authorized agent of  HomeGain com  Inc
   Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Louis Cammarosano, General Counsel                    Date  3/28/06

Handwritten signature (X) ▼
X

**8**

**9**
Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Susanne S  Morales, Paralegal / Fenwick & West LLP

Number/Street/Apt ▼
801 California Street

City/State/ZIP ▼
Mountain View, CA 94041

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money
  order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

**17 U S C §506(e)**  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection
with the application  shall be fined not more than $2 500

Rev  August 2003—60 000   Web Rev  June 2002   ⊛ Printed on recycled paper

U S  Government Printing Office 2003-496-605/60 029

# ASSET SALE AGREEMENT

This Asset Sale Agreement ("Agreement") is entered into as of May 31, 2007 ("Effective Date"), by and between HomeGain.com, Inc., a Delaware corporation ("HomeGain") and Maponics, LLC, a Vermont limited liability company ("Purchaser").

A.    WHEREAS, HomeGain has procured, compiled, owns and maintains certain proprietary data related to neighborhoods within the United States ("Materials", as defined below); and

B.    WHEREAS, Purchaser creates mapping products and/or services, ("Purchaser's Business") and desires to purchase all rights to Materials from HomeGain for use in Purchaser's Business, subject to the terms and conditions below;

C.    WHEREAS, the parties have previously entered in a Data License Agreement dated as of February 15, 2006, as amended, pursuant to which Purchaser has previously licensed the use of such Materials;

NOW, THEREFORE, in consideration of their respective obligations hereunder, the parties agree as follows:

## 1.    DEFINITIONS

1.1.    "Materials" means the neighborhoods data owned or developed by HomeGain. Specifically, this includes the names and boundaries of neighborhoods and sub-neighborhoods as well as their association with their cities and states, as further described in Schedule A.

1.2.    "Affiliate" – shall mean a business entity now or hereafter controlled by, controlling or under common control with a party. Control exists when an entity owns or controls more than 50% of the outstanding shares or securities representing the right to vote for the election of directors or other managing authority of another entity.

## 2.    GRANT OF RIGHTS TO PURCHASER

2.1.    Subject to the terms and conditions of this Agreement and upon initial payment set forth in Section 4 hereof, HomeGain hereby agrees to sell and convey to Purchaser all of its right, title and interest in and to the Materials as defined in Schedule A. Should the Purchaser fail to complete the payment schedule set forth in Section 4 hereof, HomeGain may elect to revoke any or all terms of this Agreement, and Purchaser will revert to the payment schedule set forth in the February 15, 2006 Data License Agreement. Except as provided herein, HomeGain conveys the Materials to Purchaser "AS IS" without any warranty or representation, and HomeGain shall not be liable for any claim or loss resulting from the content of, errors or omissions in, the information contained in or retrieved from the Materials.

2.2.    Notwithstanding the foregoing grant of rights in subsection 2.1, Purchaser hereby grants to HomeGain, HomeGain's parent corporation Classified Ventures, LLC (including its divisions and subsidiaries) ("CV") and to the current and any future owner/investors of CV and to any Affiliates of any of the foregoing a non-exclusive, royalty-free, perpetual, worldwide license to utilize the Materials as well as any updates or upgrades that Purchaser may make to the Materials in any medium now known or hereafter developed, including,

without limitation, on or in connection with any current or future web sites or services owned or operated by any of the foregoing entities, which sites and services may be distributed by, co-branded with, and/or private labeled for related and unrelated third parties, as well as to retain from the grant of rights such rights as may be necessary for HomeGain to honor and service the various Data License Agreements set forth on Schedule B; provided, however, Purchaser shall have no obligation to update the Materials and HomeGain shall have no right to sell or transfer any updates or upgrades to its current licensees. Except as otherwise permitted hereunder, HomeGain shall have no redistribution or resale rights.

2.3.   Purchaser acknowledges that HomeGain has entered into various Data License Agreements with various parties as set forth in Schedule B. Other than such Data License Agreements, HomeGain has not transferred any interest in the Materials.

## 3.   DELIVERY OF MATERIALS. ASSIGNMENT OF COPYRIGHT.

3.1.   Purchaser acknowledges that it has previously received a copy of the Materials.

3.2   HomeGain shall assign the copyright listed on Exhibit A to Purchaser.

3.3   To the extent available, HomeGain shall provide, within two (2) weeks of the Effective Date, any hardcopy originals of all compilation information used in creating Materials, including but not limited to source information, draft maps, textual descriptions, contact information, and other reference materials.

## 4.   COST OF MATERIALS

4.1.   As compensation for the Materials and the rights granted herein in accordance with this Agreement, Purchaser shall pay to HomeGain the total sum of Forty Thousand US Dollars (US$40,000.00) payable as follows: $10,000 payable upon execution of this Agreement; $10,000 payable on or before July 31, 2007; $10,000 payable on or before September 30, 2007; and $10,000 payable on or before December 15, 2007.

4.2.   HomeGain shall be entitled to collect and retain for its own account all revenues from the Data License Agreements set forth in Schedule B for the duration of the term (including any extension thereof) of the respective agreements. Purchaser shall not be obligated to service said Data License Agreements. Purchaser shall not be liable for any claim or loss resulting from the content of, errors or omissions in, the information contained in or retrieved from the Materials as conveyed to the licensees under said Data License Agreements. In the event that Purchaser is able to upsell any of the Customers identified on Schedule B to purchase updates to Materials, then Purchaser assumes all rights and liabilities for said Customer(s) and Purchaser shall promptly report such license to HomeGain and shall pay to HomeGain Fifty Percent (50%) of the gross license fees actually received by Purchaser from each such license within thirty (30) days of Purchaser's receipt of such license fee for the duration of each such license term.

4.3.   In addition, in the event that Purchaser licenses the Materials (or any portion thereof) or any product which utilizes the Materials (or any portion thereof) to Yahoo! Inc., ZipRealty, Inc. or to any of their subsidiaries or affiliates within 12 months of the Effective Date, then Purchaser shall promptly report such license to HomeGain and shall pay to HomeGain Fifty

Percent (50%) of the gross license fees actually received by Purchaser from each such license within thirty (30) days of Purchaser's receipt of such license fee for the duration of each such license term. All payments to HomeGain hereunder shall be made payable to HomeGain and shall be sent to HomeGain.com, Inc. 1250 45th Street, Ste. 200, Emeryville, CA. 94608, or such other address of which HomeGain provides notice to Purchaser. All payments shall be made in U.S. dollars.

## 5. WARRANTIES

5.1. HomeGain warrants that it has full corporate power and authority to enter into and carry out the transactions contemplated by this Agreement. This Agreement is a valid and binding agreement of HomeGain, enforceable in accordance with its terms. HomeGain shall convey the Materials free and clear of any encumbrances. The execution and delivery of this Agreement by HomeGain does not and will not conflict with or result in any breach or default of any agreement to which HomeGain is a party or which the Materials are bound, or violate any judgments, decrees, order or rule of any court or governmental agency.

5.2. FURTHER, EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS SECTION 5, THE MATERIALS AND THE MEDIUM ON WHICH THEY ARE PROVIDED TO PURCHASER ARE PROVIDED ON AN "AS IS", AS AVAILABLE BASIS, AND HOMEGAIN EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO THE MATERIALS AND THE MEDIUM ON WHICH THEY ARE PROVIDED TO PURCHASER, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. NO ORAL OR WRITTEN INFORMATION OR ADVICE GIVEN BY HOMEGAIN OR ANY OF ITS EMPLOYEES OR REPRESENTATIVES SHALL CREATE A WARRANTY OR IN ANY WAY INCREASE THE SCOPE OF THE WARRANTIES TO PURCHASER PROVIDED IN THIS SECTION 5.

## 6. LIMITATIONS ON LIABILITY

6.1 Except as otherwise expressly set forth in this Agreement, HomeGain, CV, the current and any future owner/investors of CV, and any Affiliates of any of the foregoing and any officer, director, employee, agent, subcontractor, parent, successor or assign of any of the foregoing shall not be liable to Purchaser for any loss, injury, claim, liability or damage of any kind resulting in any way from (a) errors or omissions in the Materials, (b) use of the Materials by Purchaser or any party receiving any of the Materials from Purchaser directly or indirectly or (c) the content of the Materials as provided under this Agreement.

6.2. If the limitations of liability set forth in Section 6.1 or elsewhere in this Agreement are held to be unenforceable, the liability of HOMEGAIN, CV, the current and any future owner/investors of CV, and any Affiliates of any of the foregoing, and any officer, director, employee, agent, subcontractor, successor or assign of any of the foregoing, to Purchaser for damages or alleged damages, whether in contract (including breach of warranty), tort (including strict liability and negligence), intellectual property infringement or otherwise, with respect to the Materials or otherwise related to this Agreement shall not exceed the amounts received by HOMEGAIN from Purchaser pursuant to Section 4.1 hereof for the Materials.

CONFIDENTIAL                                    5

6.2. In no event shall either party hereto be liable to the other party for any indirect, incidental, special or consequential damages arising from or in any way connected with its performance or failure to perform under this Agreement, whether in contract (including breach of warranty), tort (including strict liability and negligence), intellectual property infringement or otherwise, including, without limitation, loss of revenues or loss of profits, even if such party has knowledge of the possibility of such damages.

6.3. All remedies set forth in this Agreement are exclusive and in lieu of any other remedy available at law or in equity.

## 7. ENTIRE AGREEMENT; MODIFICATION; WAIVER

7.1. This Agreement constitutes the entire agreement of the parties relating to the subject matter hereof and supersedes all prior communications, understandings and agreements, oral or written.

7.2. No modification or waiver of any provision of this Agreement shall be valid unless such modification or waiver is in a writing drafted specifically and exclusively to amend or modify this Agreement and signed by the party against whom it is sought to be enforced. No purchase order, invoice, acceptance form or other like document shall modify this Agreement in any manner or impose obligations on the parties in addition to or inconsistent with those set forth herein. No waiver at any time of any provision of this Agreement shall be deemed a waiver of any other provision of this Agreement at that time or a waiver of that or any other provision of this Agreement at any other time.

## 8. GOVERNING LAW

8.1. This Agreement shall be interpreted and construed according to, and governed by, the laws of the State of California, United States of America as applicable to agreements made and wholly performed therein.

## 9. MISCELLANEOUS

9.1. Notwithstanding the expiration or earlier termination of this Agreement, Sections 2, 5, 6, 9 and Purchaser's obligation to pay all amounts due under Section 4 shall survive said expiration or earlier termination and shall remain in full force and effect.

9.2. This Agreement and any amendments may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one agreement.

9.3. Nothing in this Agreement shall be construed to constitute or appoint either party as the agent or representative of the other party for any purpose whatsoever, or to grant to either party any right or authority to assume or create any obligation or responsibility, express or implied, for or on behalf of or in the name of the other party, or to bind the other party in any way or manner whatsoever.

9.4. Neither party shall be liable to the other party for any loss or damage attributable to, and neither party shall be deemed to be in default hereunder as a result of, any failure or delay in performance caused by force majeure. For purposes of this Agreement, the term "force majeure" shall include strike, lockout, earthquake, hurricane, flood, fire or other acts of God, nature, war, rebellion, civil disorders, laws, regulations, acts of civil or military authorities

(including the denial or cancellation of any export or other necessary license), unavailability of materials, carriers or communications facilities, and any other causes beyond the reasonable control of the party whose performance is affected. The party affected by an event constituting "force majeure" shall use all reasonable efforts to minimize the consequences of the same. Where force majeure remains in effect for more than three months, or if at the beginning of a force majeure condition it is clear that it will last longer than three months, either party may terminate this Agreement by giving notice to the other at least three months prior to such termination.

IN WITNESS WHEREOF, the parties have set their hands as of the first date above written (signatures by fax are acceptable).

Mapopics, LLC

BY:

NAME: Darrin P. Clawer

TITLE: President

HomeGain.com) Inc.

BY:

NAME: Lous Caumarosqu

TITLE: General Manager

CONFIDENTIAL

5

# SCHEDULE A

The copyright in the Neighborhood Mapping Layer, US Copyright Office # VA-1-377-209.

The Neighborhood Mapping Layer which includes the neighborhoods data owned or developed by HomeGain, including the names and boundaries of neighborhoods and sub-neighborhoods as well as their association with their cities and states in the mapping format. The included cities are listed:

| # | State | City | # | State | City | # | State | City |
|---|---|---|---|---|---|---|---|---|
| 1 | AK | Anchorage | 67 | CO | Denver | 134 | NM | Albuquerque |
| 2 | AK | Juneau | 68 | CT | Hartford | 135 | NV | Henderson |
| 3 | AL | Birmingham | 69 | CT | Manchester | 136 | NV | Las Vegas |
| 4 | AL | Mobile | 70 | CT | Milford | 137 | NV | Paradise |
| 5 | AL | Montgomery | 71 | CT | New Haven | 138 | NV | Reno |
| 6 | AZ | Chandler | 72 | DC | Washington | 139 | NV | Spring Valley |
| 7 | AZ | Glendale | 73 | DE | Wilmington | 140 | NY | Albany |
| 8 | AZ | Mesa | 74 | FL | Cape Coral | 141 | NY | Buffalo |
| 9 | AZ | Phoenix | 75 | FL | Fort Lauderdale | 142 | NY | Mount Vernon |
| 10 | AZ | Scottsdale | 76 | FL | Hollywood | 143 | NY | New York City |
| 11 | AZ | Tempe | 77 | FL | Jacksonville | 144 | NY | Rochester |
| 12 | AZ | Tucson | 78 | FL | Lakeland | 145 | NY | Schenectady |
| 13 | CA | Anaheim | 79 | FL | Lehigh Acres | 146 | NY | Syracuse |
| 14 | CA | Atherton | 80 | FL | Miami | 147 | NY | Tonawanda |
| 15 | CA | Bakersfield | 81 | FL | Miami Beach | 148 | NY | Yonkers |
| 16 | CA | Berkeley | 82 | FL | Orlando | 149 | OH | Akron |
| 17 | CA | Burlingame | 83 | FL | Pensacola | 150 | OH | Cincinnati |
| 18 | CA | Concord | 84 | FL | Sarasota | 151 | OH | Cleveland |
| 19 | CA | Cupertino | 85 | FL | St. Petersburg | 152 | OH | Columbus |
| 20 | CA | Daly City | 86 | FL | Tampa | 153 | OH | Dayton |
| 21 | CA | Davis | 87 | FL | West Palm Beach | 154 | OH | Toledo |
| 22 | CA | Fairfax | 88 | GA | Atlanta | 155 | OH | Youngstown |
| 23 | CA | Foster City | 89 | GA | Augusta | 156 | OK | Oklahoma City |
| 24 | CA | Fremont | 90 | GA | Savannah | 157 | OK | Tulsa |
| 25 | CA | Fresno | 91 | HI | Honolulu | 158 | OR | Beaverton |
| 26 | CA | Greenacres | 92 | IA | Des Moines | 159 | OR | Eugene |
| 27 | CA | Hayward | 93 | IA | Iowa City | 160 | OR | Portland |
| 28 | CA | Hillsborough | 94 | ID | Boise | 161 | OR | Salem |
| 29 | CA | Huntington Beach | 95 | IL | Chicago | 162 | PA | Philadelphia |
| 30 | CA | Irvine | 96 | IN | Fort Wayne | 163 | PA | Pittsburgh |
| 31 | CA | Lafayette | 97 | IN | Indianapolis | 164 | RI | Providence |
| 32 | CA | Long Beach | 98 | IN | South Bend | 165 | SC | Charleston |
| 33 | CA | Los Altos | 99 | KS | Lawrence | 166 | SC | Columbia |
| 34 | CA | Los Angeles | 100 | KS | Overland Park | 167 | TN | Knoxville |
| 35 | CA | Menlo Park | 101 | KS | Topeka | 168 | TN | Memphis |
| 36 | CA | Mill Valley | 102 | KS | Wichita | 169 | TN | Nashville |
| 37 | CA | Moraga | 103 | KY | Lexington | 170 | TX | Arlington |
| 38 | CA | Mountain View | 104 | KY | Louisville | 171 | TX | Austin |
| 39 | CA | Oakland | 105 | LA | Baton Rouge | 172 | TX | Corpus Christi |
| 40 | CA | Oildale | 106 | LA | New Orleans | 173 | TX | Dallas |
| 41 | CA | Orinda | 107 | LA | Shreveport | 174 | TX | El Paso |
| 42 | CA | Oxnard | 108 | MA | Boston | 175 | TX | Fort Worth |
| 43 | CA | Palo Alto | 109 | MA | Cambridge | 176 | TX | Garland |
| 44 | CA | Pasadena | 110 | MA | Springfield | 177 | TX | Houston |
| 45 | CA | Portola | 111 | MD | Baltimore | 178 | TX | Irving |
| 46 | CA | Redwood City | 112 | MI | Ann Arbor | 179 | TX | Lubbock |
| 47 | CA | Richmond | 113 | MI | Detroit | 180 | TX | Plano |
| 48 | CA | Riverside | 114 | MI | Grand Rapids | 181 | TX | San Antonio |
| 49 | CA | Sacramento | 115 | MI | Kalamazoo | 182 | TX | Waco |
| 50 | CA | San Anselmo | 116 | MI | Muskegon | 183 | UT | Orem |
| 51 | CA | San Bernardino | 117 | MN | Duluth | 184 | UT | Provo |
| 52 | CA | San Diego | 118 | MN | Minneapolis | 185 | UT | Salt Lake City |
| 53 | CA | San Fernando | 119 | MN | St. Paul | 186 | VA | Alexandria |
| 54 | CA | San Francisco | 120 | MO | Kansas City | 187 | VA | Chesapeake |
| 55 | CA | San Jose | 121 | MO | St. Louis | 188 | VA | Norfolk |
| 56 | CA | San Leandro | 122 | MT | Missoula | 189 | VA | Virginia Beach |
| 57 | CA | San Mateo | 123 | NC | Charlotte | 190 | WA | Bellevue |
| 58 | CA | San Rafael | 124 | NC | Durham | 191 | WA | Bellingham |
| 59 | CA | Santa Ana | 125 | NC | Fayetteville | 192 | WA | Issaquah |
| 60 | CA | Santa Barbara | 126 | NC | Greensboro | 193 | WA | Kirkland |
| 61 | CA | Santa Monica | 127 | NC | Raleigh | 194 | WA | Seattle |
| 62 | CA | Stockton | 128 | ND | Fargo | 195 | WA | Spokane |
| 63 | CA | Walnut Creek | 129 | NE | Lincoln | 196 | WA | Tacoma |
| 64 | CA | Woodside | 130 | NE | Omaha | 197 | WA | Vancouver |
| 65 | CO | Aurora | 131 | NJ | Jersey City | 198 | WA | Woodinville |
| 66 | CO | Colorado Springs | 132 | NJ | Newark | 199 | WI | Madison |
|  |  |  | 133 | NJ | Trenton | 200 | WI | Milwaukee |

CONFIDENTIAL

## SCHEDULE B

Data License Agreement with Trulia, Inc. dated December 19, 2005; currently expires: December 18, 2008

Data License Agreement with HTTP Development, Inc. dated February 28, 2006; currently expires: February 27, 2009

Data License Agreement with Oodle, Inc. dated March 6, 2006; currently expires: March 5, 2009

Data License Agreement MyNewPlace dated March 30, 2006; currently expires: March 29, 2009

Any Data License Agreements entered into by Bernt Wahl under that certain Sales Referral Agreement dated as of January 31, 2007; this will be terminated within 65 days of the Effective Date of this Asset Sale Agreement



+ Gain

1250 45ᵗʰ Street Suite 200 Emeryville, CA 94608
Phone: (510) 420-4245    Fax (510) 655-4773

Sent Via Email and Mail

May 30. 2007

Mr. Bernt Wahl
PO Box 13991
Berkeley. CA. 94712

Re: Sales Referral Agreement between HomeGain and You

Dear Bernt:

In accordance with the provisions of Section 2.1 of the above-referenced Agreement.
HomeGain hereby terminates the Sales Referral Agreement effective July 29. 2007.
Accordingly. you are not authorized to enter into any agreements for the Licensed
Materials after that date. nor shall you have the right to redistribute the Licensed
Materials thereafter.

Very truly yours.

Thomas P. Newell
Associate General Counsel
Tomn@homegain.com

cc. Louis Cammarosano

## MERRITT & MERRITT & MOULTON
LAWYERS FOR GROWTH COMPANIES

H. KENNETH MERRITT, JR.
ADMITTED IN VERMONT NEW YORK & NEW ENGLAND
KMERRITT@MERRITT-MERRITT.COM

SHARON J. MERRITT
ADMITTED IN VERMONT & NEW YORK ONLY
SMERRITT@MERRITT-MERRITT.COM

R.W. ELI MOULTON III
ADMITTED IN VERMONT & MASSACHUSETTS ONLY
EMOULTON@MERRITT-MERRITT.COM

RALPHINE N. O'ROURKE, OF COUNSEL
ADMITTED IN VERMONT & NEW HAMPSHIRE ONLY
RORCI@MERRITT-MERRITT.COM

ELIZABETH L. METAYER, PARALEGAL
EMETAYER@MERRITT-MERRITT.COM

ALLISON E. SOLTESZ, PARALEGAL
ASOLTESZ@MERRITT-MERRITT.COM

LINDA K. DISSINGER
PRACTICE DEVELOPMENT MANAGER
LDISSINGER@MERRITT-MERRITT.COM

October 26, 2007

*Via Priority/Certified Mail*:

Mr. Bernt Wahl d/b/a Factle Map. Co.
1636 Francisco Street
Berkeley, CA 94703

### Re:    Copyright Infringement and Trade Secret Misappropriation
### by Bernt Wahl d/b/a Factle Map Co.

Dear Mr. Wahl:

We are counsel to Maponics, LLC, a Vermont limited liability company (the "Company"). The Company is the owner of all right and title in and to the work entitled "Neighborhood Mapping Layer" (the "Work") and the U.S. Copyright Registration thereof, Registration No. VA 1-366-209 (the "Copyright"), including but not limited to associated and underlying proprietary mapping data and related sources (the "Materials"), which Materials constitute valuable trade secrets of the Company.

It has come to the Company's attention that a product you market and sell, Neighborhoods 2007 (the "Product"), utilizes the Work and the Materials. You have neither sought nor been given authorization to use, display, promote, reproduce, sell or publish the Work or the Materials. Your marketing and sale of the Product constitute copyright infringement and misappropriation of trade secrets of the Company in violation of the US Copyright Act, 17 U.S.C. Section 101 et seq., and the California and Vermont Trade Secrets Acts, among other laws.

Accordingly, by this letter the Company demands that you

1)    immediately cease and desist from the promotion, distribution, reproduction, use, licensing and/or sale of the Product and/or the Materials;

60 LAKE STREET, 2ND FLOOR  POST OFFICE BOX 5839  BURLINGTON, VT 05402  T 802-658-7830  F 802-658-0978
20 AIRPARK ROAD, SUITE 3M  WEST LEBANON, NH 03784  T 603-643-8534  F 603-643-7355

Mr. Bernt W____ d/b/a Factle Map Co.
October 26, 2007
Page -2

2) disclose to the Company all information with respect all use of the Materials, along with customer contact information regarding promotion, distribution, licenses and/or sales of the Product and/or Materials separately to date, including prospects/sales leads to whom you have provided evaluation copies; and

3) return any and all source Materials you have in your possession, whether digital or hardcopy, to the Company, care of the law offices of Merritt & Merritt & Moulton at the address appearing above, receipt of which must be complete by close of business October 31, 2007.

The Company is prepared to enforce its rights to the fullest extent of the law, including filing legal proceedings seeking injunctive and compensatory relief, punitive and /or treble damages, together with any other available remedies.

Please note that we have tried on several prior occasions to deliver this correspondence to you. This has included via electronic mail to the email addresses factles@gmail.com and bernt@factle.com on October 12, 2007, and via certified mail with a return receipt requested delivered on October 15, 2007 to P.O. Box 13991, Berkeley, CA 94712. Additionally, we have attempted to have this correspondence delivered to you personally at 1911 Martin Luther King Jr. Way, Apt. 3, in Berkeley CA. This will be our final attempt to deliver this correspondence to you.

We hope to reach an amicable resolution to this matter but if we do not receive an acceptable response to this letter on or before Wednesday, October 31, 2007, we will have no option but to advise the Company to pursue all remedies available at law and equity.

This demand is without prejudice to all rights and remedies, legal and equitable, the Company may have, all of which are expressly reserved.

Very truly yours,

H. Kenneth Merritt, Jr.

cc: Maponics, LLC, via electronic mail