George Frost (CA Bar # 158728)
Law Offices of George Frost
2930 Magnolia Street
Berkeley, CA 94705
Telephone: (510) 647-8863
Facsimile: (510) 295-2562
geofrost@comcast.net

Alexander Volchegursky (CA Bar # 209172)
235 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 986-4000
Facsimile: (415) 986-4001

Attorneys for Plaintiff
Maponics, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPONICS, LLC, a Vermont limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BERNT WAHL, an individual; FACTLE, a California Corporation, and DOES 1-20, inclusive<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: Case No.: C07-05777<br><br>**DECLARATION OF DARRIN CLEMENT IN SUPPORT OF MOTION FOR DISMISSAL UNDER FRCP RULES 12(b)(2) AND 12(b)(6)** |

I, DARRIN CLEMENT, declare as follows:

1. I am the general manager and sales manager of Maponics, LLC, a Vermont limited liability company. I have personal knowledge of the things stated herein and, if required, would be willing to testify to them.

2. I am a resident of Vermont.

1

3. As an individual, I have not engaged in any business dealings with companies or individuals within California. I do not own any real or personal property in California, and I have no personal systematic or continuous contacts with California. The last time I visited California was in 2004 and I did so in my capacity as manager of Maponics.

4. As part of my duties as general manager, I was and am in charge of ensuring that others do not infringe Maponics' intellectual property, including the "Neighborhood Mapping Layer" (the "Copyrighted Work, or the "Work") at issue in this litigation. The Work is protected by copyright registration VA 1-377-209 (the "Registration"), which was assigned to Maponics as part of an asset acquisition as of May 31, 2007. I also supervise this lawsuit against Mr. Wahl and Factle, and am authorized to make this declaration on behalf of myself and Maponics.

5. In carrying out these duties, in and about January 25, 2008 and February 8, 2008, I sent out cease and desist emails to two firms, Ask.com, and Toursheet.com, the gist of which was that Maponics suspected each was potentially infringing the subject Work, and we requested that they become licensed with us. These emails were cited in Counterplaintiffs' allegations at ¶89 and ¶90.

6. I have attached true and correct copies of these email communications as Exhibits A and B hereto.

7. At the time I sent these emails, I believed IAC/Ask.com to be headquartered in New York, NY and did not know where Toursheet to be headquartered.

8. At the time I sent out these emails I believed that Maponics had filed for and/or obtained a default judgment against the Defendants. My intent in emailing these companies was twofold, first, to advise them that Maponics believed they might be infringing on Maponics' copyright on the subject Work, and second, to alert them to the status of the Wahl litigation and

alert them to our position on the allegations. It was Maponics' (and thus my) intent to mitigate any infringement damages that might result from Wahl's and the website firm's continuing unsanctioned use of the copyrighted Work.

9. I have reviewed the countercomplaint filed in this case. At counsel's direction, I focused on the allegation "on information and belief" at ¶83 that Maponics had a blog on its website during July 2007, in which someone posted statements regarding the Neighborhood Mapping Layer, and other statements regarding Maponics' ownership of the data set that at one time was used by Ask.com. Not only did I not post either statement as alleged, but Maponics did not even have a blog during 2007. In addition, the phrase "1000+ sources" for the data was suggested by HomeGain, which sold the data to us. During July, 2007 I had no idea that Ask.com was using a mapping product provided by Factle and only discovered this fact in September, 2007. These allegations are absurd.

10. I also reviewed the allegations, also on information and belief, at ¶¶ 82 and 95, that since June 2007 I made repeated statements that "discredited" Factle and "claimed credit" for products created by Wahl, causing confusion in the marketplace. I am unaware of making any false or confusing statements, and have never "claimed credit" – whatever that means – for products created by Wahl. It is my understanding that Wahl's "creation" was a work for hire on behalf of HomeGain, and that Maponics acquired this work product when it purchased the assets in question. It was, and is, my belief that Wahl and/or Factle did not then, or ever, own the Work. Howard Steinberg from Ask.com confirmed, via a telephone conversation on or around September 27, 2007, that they were in fact using the HomeGain data as licensed from Factle. I am unable to respond further to these allegations without a more definite statement of what I am alleged to have said, where they appeared, and when.

11. I also reviewed the allegations, also on information and belief, at ¶¶ 81 and 82, that I began "raising doubts" about the legal ability for Factle to license the HomeGain data. I am unaware of making any false or confusing statements, and if any such statements were made by me on behalf of Maponics, they would have been in direct synchronization with statements made by Louis Cammarosano of HomeGain, who told me on July 10, 2007 "…I don't know what he [Wahl] is doing, but he has no legal right to sell the data…If it is indeed the HG data we can send a cease and desist letter." I am unable to respond further to these allegations without a more definite statement of what I am alleged to have said, where they appeared, and when.

12. A true and correct copy of the email exchange I had with HomeGain is attached at Exhibit C hereto.

13. I was served the counterclaim papers, from Factle's lawyer, while in my office at Maponics in Vermont.

14. Any communication I had wherein I used phrases such as "he stole our data", while in hindsight ill-advised, was based upon my limited understanding of copyright infringement whereby I believed that copyright infringement, and theft, were one and the same. My phrasing, while clumsy, was an attempt to translate the legalese of Maponics' allegations of copyright infringement against Mr. Wahl and Factle into easily understood terms.

15. On advice of counsel, I did not correspond directly with Mr. Wahl or Factle after the start of these legal proceedings (see paragraph 94 of their countercomplaint).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of May, 2008 in Norwich, Vermont.

/s/ Darrin Clement