Mark L. Pettinari (CA Bar No.: 119293)
LAW OFFICES OF MARK L. PETTINARI
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:   (415) 240-4200
Facsimile:    (415) 240-4201
Email:         mlpettinari@mlplawoffices.com

*Attorneys for Defendants and Counter-Plaintiffs
Bernt Wahl and Factle*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPONICS, LLC, a Vermont liability company,<br><br>          Plaintiff,<br><br>  vs.<br><br>BERNT WAHL, an individual, FACTLE, a California corporation, and DOES 1-20, inclusive,<br><br>          Defendants.<br><br>BERNT WAHL, an individual and FACTLE a California corporation,<br><br>          Counter Plaintiffs,<br><br>  vs.<br><br>MAPONICS, LLC, a Vermont liability company and DARRIN CLEMENT, an individual,<br><br>          Counter Defendants. | Case No.: C07-05777-BZ<br><br>**MEMORANDUM OF WAHL AND FACTLE IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**<br><br>The Honorable Bernard Zimmerman<br><br>Date:  July 16, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom G, 15th Floor |

## INTRODUCTION

The motion to dismiss the Counterclaim against Counter defendant Darrin Clement ("Clement") for lack of personal jurisdiction is without merit. The intentional tortious actions of Clement were squarely aimed at California and specifically caused harm to Counterclaimants Bernt Wahl ("Wahl"), an individual residing in California, and Factle, a California corporation. As such, this Court has personal jurisdiction over Clement for purposes of this action.

However, should the Court be inclined to grant Clement's motion, Wahl and Factle have concurrently filed a motion to permit them limited discovery for the purpose of supplementing their opposition to Clement's motion to dismiss, and also requesting the Court to set a briefing schedule and new hearing date.

## BACKGROUND

While this case was filed by Maponics, LLC ("Maponics") on November 14, 2007 against Wahl and Factle, the Complaint for copyright infringement and unfair competition was never served on Wahl or Factle. A default judgment was entered but was vacated by the Court on March 4, 2008, pursuant to a Stipulation and Order to Vacate the Entry of Default that was filed by Maponics. Thereafter, Wahl and Factle obtained counsel and filed an Answer and Counterclaim joining Clement as a Counter defendant. The Counterclaim seeks a declaratory judgment of non-infringement and invalidity/unenforceability of the copyright, as well as claims under California law for defamation per se, trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage, unfair competition, and respondeat superior/ratification.

In response to the Counterclaim, Maponics and Clement have filed one motion requesting this Court to dismiss the Counterclaims against them pursuant to Federal Rules of Civil Procedure Rules 12(b)(2) (lack of personal jurisdiction over Clement) and 12(b)(6) (failure to state a claim as to Maponics and Clement).

These are two distinct motions that have been combined into one motion by Maponics and Clement. To keep the issues separate, Wahl and Factle have chosen to file separate oppositions to the two motions. This is Wahl and Factle's opposition to Clement's motion to dismiss the Counterclaim against him for lack of personal jurisdiction.

## ARGUMENT

### I. Wahl and Factle Should Be Permitted Jurisdictional Discovery

Wahl and Factle have concurrently filed a separate motion to be permitted to take jurisdictional discovery to supplement their opposition to Clement's motion to dismiss for lack of personal jurisdiction. Should the Court be inclined to grant Clement's motion, Wahl and Factle request the need for discovery to provide a complete and adequate record supporting personal jurisdiction before the Court rules on the motion. Jurisdictional discovery will demonstrate to the Court how widespread the defamatory and disparaging conduct of Clement has extended.

### II. This Court Has Specific Personal Jurisdiction over Clement

Clement has engaged in acts directed at California by which he has purposefully availed himself of the laws of the State of California. Clement's tortious conduct has given rise to the claims made by Wahl and Maponics against him, caused Wahl and Maponics damage, and for this Court to exercise personal jurisdiction over Clement is quite reasonable. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

#### A. Clement Purposefully Availed Himself of the Laws of California

Clement purposely and intentionally directed his tortious conduct at California. Clement intentionally committed acts of defamation against Wahl when he made statements to customers of Wahl and Factle who were also in California that Wahl "stole the mapping data" they had purchased from Factle. Clement was fully aware at the time he made such statements that Wahl and Factle had a legitimate right to license the HomeGain data and

Clement knew or should have known that Factle offered customers other solutions for their mapping data needs other than HomeGain mapping data product.

Clement intentionally committed acts of trade libel and product disparagement when he told customers of Factle that the product they were using was its own and fraught with errors. His careless disregard for the truth when making statements like these was and is not only tortious, it is contemptible. Simply put, Clement's conduct went far beyond legitimate competition.

Additionally, Clement deliberately interfered with Factle's existing contractual relationship and its prospective economic advantage when he told Factle customers and potential customers that the data Factle offered was stolen by Mr. Wahl and that Maponics, not Factle was not the owner of the data. This is illustrated no better than in the email correspondence that Clement had with Howard Steinberg of Ask.com that he so arrogantly attaches as Exhibit A to his Declaration filed in support of the motion to dismiss. Court Docket Document No. 32-4. In that document, Clement boldly told Mr. Steinberg that Ask.com had to change the copyright notice on the mapping data product that they were using and that "Factle does not own the data and never owned the data" that Ask.com was using. Clement's statement was untrue. Ask.com was not using the HomeGain mapping data. Rather, they were using the Factle mapping data, which was of higher quality and developed independently of what HomeGain had. For Clement to argue he was only telling people what HomeGain told him is of little help to him. He broadcast horrific falsities about Mr. Wahl, whom he repeatedly accused of being a thief, and about Factle and its products, which he routinely disparaged as if the only product they offered was the HomeGain mapping data. His conduct has cast a cloud of doubt and suspicion over Mr. Wahl and Factle that further discovery will bring to light.

Without question, Clement's defamation of Mr. Wahl and his libelous and disparaging remarks about Factle and its products was aimed at California for that is where

Mr. Wahl resides and Factle operates.  Clement's conduct has caused unknown monetary damage as well as damage to the reputations of both Mr. Wahl and Factle.

What is incredible is that Clement does not deny any of the statements.  Rather he argues that the remarks he made and conduct he engaged in were not tortious.  That is the subject of another motion, one that will also fail for lack of merit.

Clement contends that he does no business in California other than through his company.  Yet, it's important to note that he is the General Manager of a Vermont limited liability company that entered into a contract with HomeGain, also a California company.  It was the Asset Sale Agreement entered into between HomeGain and Maponics that spawned this litigation.  That contract is attached as an Exhibit to the Complaint.  Document 1 pp. 16 through 22.  And, that contract was signed by Clement and is governed by the laws of the State of California.  Document 1, p. 19, Section 8.1.

**B.    Clement's Minimum Contacts are Sufficient for Personal Jurisdiction**

Contrary to what Clement would have this Court believe, he cannot escape the jurisdictional grasp of California by cleverly using electronic mail, the telephone, and the internet to engage in tortious conduct.  Rather, limited personal jurisdiction can be based on transmissions through electronic media when they are directed at residents of the forum state.  *California Software, Inc. v. Reliability Research, Inc.*, 631 F.Supp. 1356, 1360 (C.D. Cal. 1986)(defamations of forum resident published over the internet); *EDIAS Software Int'l, L.L.C. v BASIS Int'l, Ltd.*, 947 F.Supp. 413, 420 (D. Ariz. 1996)(defamation posted on website and sent via email to forum residents); Cody v. Ward, 954 F.Supp. 43, 47 (D. Conn. 1997)(fraudulent representations sent via email to a forum resident).

Courts apply the traditional concepts of personal jurisdiction to assess minimum contacts through the internet – concepts such as "whether the defendant intentionally reaches beyond its own state to engage in business with residents of the forum state." *Edberg v Neogen Corp*, 17 F.Supp2d 104, 114 (D. Conn. 1998).

Here, Clement routinely and pervasively used electronic mail, the telephone, and internet discussion forums and websites to communicate about his business and engage in the tortious acts that give rise to the Counterclaim. To allow Clement to avoid personal jurisdiction by this Court because he is a resident of Vermont ignores the realities of this electronic information and technical age and the activities engaged in by Clement through these media.

### C.    The Court's Exercise of Jurisdiction over Clement is Reasonable

Contrary to what Clement contends, it is quite reasonable for this court to exercise personal jurisdiction over Clement. The counterclaim is closely related to the Complaint in that all claims stem from the same nexus of facts and occurrences. Clement began his tortious conduct knowing that Factle was under contract to resell the HomeGain data. For Clement to argue he has never seen the Sales Referral Agreement between HomeGain and Factle is no defense to his tortious conduct nor is it evidence it does not exist. It exists and Mr. Clement knew it. It was referenced in the Asset Sale Agreement he entered into with HomeGain along with the comment that it would not be terminated until 65 days after the effective date of the Asset Sale Agreement. Document 1, p. 22, Schedule B. The Asset Sale Agreement was effective on May 31, 2007. Thus, Clement knew that the Factle Sales Referral Agreement with HomeGain would not terminate until sometime in August 2007. Yet, he began his effort to discredit Factle and defame Mr. Wahl long before that.

Maponics is a small company. Mr. Clement admits in his Declaration that he is responsible for the company's intellectual property enforcement and in running this litigation. So, Clement's involvement in this litigation as a party will not be any additional burden on him. By his own admission, he is already involved in this litigation as the General Manager of Maponics.

There are no conflict of law issues in this litigation. Either Federal law or California law apply. And, this case is in California. Thus, it would be quite reasonable for this Court

to exercise personal jurisdiction over Clement and litigate his tortious conduct in the State of California following California law.

California has a strong interest in adjudicating this case, which involves a nonresident using electronic mail and the telephone to commit tortious acts against California corporation and a California resident.  Further, the most efficient resolution of the entire controversy will occur with the case being kept together in one action in this Court.

**III.     Conclusion**

Darrin Clement has adequate minimum contacts in the State of California to justify this Court exercising personal jurisdiction over him.  The facts set forth in the Counterclaim, and reiterated here demonstrate how Clement's contacts when coupled with his tortious conduct support a finding that this Court has personal jurisdiction over him.

Nevertheless, should the Court be inclined to grant Clement's motion, Wahl and Factle request it consider their companion motion and permit them to engage in limited jurisdictional discovery and supplement this opposition.

                                      Respectfully submitted,

Dated this 28th day of May, 2008.     By:   /s/ Mark L. Pettinari
                                                            Mark L. Pettinari

*Attorneys for Defendants and Counterclaimants Bernt Wahl and Factle*