1   Mark L. Pettinari (CA Bar No.: 119293)
2   LAW OFFICES OF MARK L. PETTINARI
    Stock Exchange Tower
3   155 Sansome Street, Suite 400
    San Francisco, CA 94104
4   Telephone:    (415) 240-4200
    Facsimile:    (415) 240-4201
5   Email:        mlpettinari@mlplawoffices.com

6   *Attorneys for Defendants and Counterclaimants*
    *Bernt Wahl and Factle*
7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MAPONICS, LLC, a Vermont liability          )   Case No.:  C07-05777-BZ
    company,                                    )
12                                              )   **NOTICE OF AND MOTION TO**
                   Plaintiff,                   )   **PERMIT DISCOVERY IN SUPPORT**
13                                              )   **OF COUNTERCLAIMANTS'**
            vs.                                 )   **OPPOSITION TO THE MOTION TO**
14                                              )   **DISMISS FOR LACK OF PERSONAL**
    BERNT WAHL, an individual, FACTLE, a        )   **JURISDICTION, SETTING THE**
15  California corporation, and DOES 1-20,      )   **DATES FOR SUPPLEMENTING THE**
    inclusive,                                  )   **OPPOSITION AND HOLDING A**
16                                              )   **HEARING ON THE MOTION TO**
                   Defendants.                  )   **DISMISS; MEMORANDUM IN**
17                                              )   **SUPPORT THEREOF**
    _____    )
18                                              )
    BERNT WAHL, an individual and FACTLE        )   The Honorable Bernard Zimmerman
19  a California corporation,                   )
                                                )
20                 Counter Plaintiffs,          )
                                                )   Date:   July 16, 2008
21          vs.                                 )   Time:  10:00 a.m.
                                                )   Place:  Courtroom G, 15th Floor
22  MAPONICS, LLC, a Vermont liability          )
    company and DARRIN CLEMENT, an              )
23  individual,                                 )
                                                )
24                 Counter Defendants.          )
                                                )
25  _____    )

26

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Bernard Zimmerman, Magistrate Judge of the above-entitled Court, in Courtroom G at the United States District Court located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, or by any other Judge sitting in his stead, Counterclaimants' Motion to Permit Discovery in Support of Counterclaimants' Opposition to the Motion to Dismiss for Lack of Jurisdiction, Resetting the Dates for Supplementing the Opposition, and Holding a Hearing on the Motion to Dismiss shall be heard.

**MOTION TO PERMIT DISCOVERY IN SUPPORT OF COUNTERCLAIMANTS'
OPPOSITION TO THE MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION; SETTING THE DATES FOR SUPPLEMENTING THE
OPPOSITION AND HOLDING A HEARING ON THE MOTION TO DISMISS**

Counterclaimants' Bernt Wahl and Factle hereby move this Court for an Order:  (1) Permitting Plaintiff to Conduct Discovery in Support of its Opposition to the Motion to Dismiss for Lack of Jurisdiction; and (2) Setting the Dates for Supplementing their Opposition to the Motion to Dismiss and for a Hearing on the Motion to Dismiss.

This motion is based upon the following Memorandum in Support thereof, any argument of counsel allowed by the Court, any evidence presented at hearing that is requested by the Court, and the Court file herein.  A Proposed Order is filed concurrently herewith.

**MEMORANDUM IN SUPPORT OF MOTION**

**I.      STATEMENT OF THE ISSUES TO BE DECIDED**

1.      Whether Counterclaimants Bernt Wahl and Factle should be permitted to conduct discovery limited to the issue of personal jurisdiction to supplement their opposition

to the motion to dismiss for lack of personal jurisdiction filed by Counter defendant Darrin Clement.

2.      Whether the date for supplementing the opposition to the motion to dismiss for lack of jurisdiction should be reset to August 29, 2008, and the dates for hearing argument on the motions be reset to September 17, 2008.

## II.    INTRODUCTION

On May 8, 2008, Counter defendant Darrin Clement filed a Motion to Dismiss for Lack of Personal Jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(2). Counterclaimants Bernt Wahl and Factle file this motion to (1) Permit Discovery in Support of the Opposition to the Motion to Dismiss for Lack of Jurisdiction; and (2) Reset the Dates for Supplementing the Opposition and Holding a Hearing on the Motion to Dismiss.  Since the proposed motion is proper under the court's discretion to order jurisdictional discovery and is sought in order to establish personal jurisdiction over the movants, the court should grant Counterclaimants' motion to enable a complete record in advance of any ruling on the motion to dismiss.

## III.    STATEMENT OF FACTS

Plaintiff Maponics, LLC filed this action on November 14, 2007, bringing claims against Defendant Bernt Wahl and Factle for copyright infringement and unfair competition. On March 31, 2008, Defendants filed an Answer denying the allegations in the Complaint and asserting a Counterclaim against Maponics, LLC and its owner, Darrin Clement, for declaratory judgment of non-infringement and invalidity and/or unenforceablity of the copyright, defamation (libel per se), trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage, unfair competition, and respondeat superior/ratification.  Using his prior work, Bernt Wahl developed a mapping data product for a HomeGain and Factle thereafter acquired a license to resell the HomeGain product.  While Factle's license was in effect, HomeGain assigned the copyright

to its mapping data and sold its product to Maponics. Thereafter, Darrin Clement, owner of Maponics engaged in the tortious conduct that gives rise to the claims for relief asserted in the Counterclaim. Clement has filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Counterclaimants' Opposition to that motion is filed concurrently herewith. This motion was filed so that if the court has the alternative of permitting Counterclaimants limited jurisdictional discovery so as to supplement their opposition prior to the court ruling on the motion to dismiss.

**IV.    ARGUMENT**

**A.    The Court Has Broad Discretion to Order Jurisdictional Discovery**

The plaintiff or the counterclaimant seeking to join a new party to the action bears the burden of establishing that personal jurisdiction exists over any nonresident defendants or counter defendants. *Fireman's Fund Insurance Company v. Fuji Electric Systems Co, Ltd.,* 2005 WL 628034 (N.D. Cal), *citing FDIC v. British-American Ins.Co.,* 828 F.2d 1439, 1441 (9th Cir. 1987). Counterclaimant need only make a *prima facie* showing of jurisdiction to survive a jurisdictional challenge on a motion to dismiss where, as here, the Court will base its decision on written material only, without an evidentiary hearing or making findings of fact. *Ziegler v. Indian River County,* 64 F.2d 470, 473 (9th Cir. 1995); *Omeluk v. Langsten Slip & Batbyggeri* A/S, 52 F.2d 267, 268 (9th Cir. 1995); *Data Disc Systems, Inc. v. Systems Tech. Assoc, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). This prima facie showing requires that the plaintiff or counterclaimant need only demonstrate facts that if true would support jurisdiction over the defendant. *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2000).

A court has broad discretion to allow discovery to aid in determining whether personal jurisdiction exists. *Data Disc., Inc.* 557 F.2d at 1285 n. 1; *Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406, at 430 n. 24 (9th Cir. 1977); see also *Ruzzo v. Placer*

*Dome Inc.,* 2006 WL 2457690 (D. Nev.) at 1.  To assist in its determination, the court may order discovery on the jurisdictional issues.  *Id., citing Data Disc.* 557 F.2d at 1285.

Counterclaimants have established through facts laid out in their Counterclaim that Counter defendant Darrin Clement has engaged in tortious conduct directed at Counterclaimants in cooperation with Counter defendant Maponics, at least partially, during the course and scope of his employment.

### B.    This Court Should Permit Jurisdictional Discovery

The Ninth Circuit in *Wells Fargo* held that limited discovery is warranted when a "more satisfactory showing of the facts is necessary."  *Wells Fargo,* 556 F.2d at 430 n.24. To appropriately respond to the motion to dismiss for lack of personal jurisdiction and to present a complete record to this court, Counterclaimants require a more thorough analysis of the Mr. Clement's contacts with entities and persons in California.  Counterclaimants seek limited discovery from Counter defendants and others in the form of requests for documents and things under Federal Rule of Civil Procedure 34 and depositions under Federal Rule of Civil Procedure 30(b)(6).

There has been no discovery taken in this action.  Counterclaimants believe that, in addition to the facts set forth in their Counterclaim averring Mr. Clement's contacts with entities and persons in California, that there are several other contacts that Mr. Clement has had with entities and persons in California where he engaged in the same tortious conduct that gives rise to the claims for relief set forth in the Counterclaim.  Counterclaimants believe that discovery taken from persons employed at the following entities in California and this judicial district will reveal that Mr. Clement engaged in conduct like that set forth in the Counterclaim which gives rise to the claims for relief averred and will support this court having personal jurisdiction over Mr. Clement:  Microsoft, Inc. in San Francisco; Yahoo in Sunnyvale; Ask.com in Oakland; NexTag, Inc. in San Mateo; Trulia, Inc. in San Francisco;

ZipRealty, Inc. in Emeryville; and Google in Mountain View.  Additional persons at other companies may also be identified once the jurisdictional discovery is underway.

At this time, should the court be inclined to grant the motion to dismiss for lack of personal jurisdiction, Counterclaimants should be given an opportunity to engage in limited discovery directed at the issue of personal jurisdiction, including Mr. Clement's contacts with California.

### C.    A Date for Supplementing their Opposition to the Motion To Dismiss and Holding a Hearing Should Be Set

Counterclaimants request that enough time be permitted so that adequate discovery can be taken on the issue of personal jurisdiction in advance of filing a supplemental opposition.  Some of the non-party individuals from whom discovery will be sought are of a high enough status in their companies that sufficient time must be permitted for contact to be made and their depositions to be taken at times when they are available to be deposed. Thus, Counterclaimants propose the Court set the deadline for service and filing of supplemental opposition papers for August 29, 2008, any reply papers for September 9, 2008, and for a hearing date on the motion to dismiss for lack of personal jurisdiction be set for September 17, 2008.

//

//

//

//

//

//

//

//

//

## V.   CONCLUSION

Accordingly, for the foregoing reasons, Counterclaimants should be given an opportunity to engage in limited discovery directed at the issue of personal jurisdiction over Counter defendant Darrin Clement.  In light of the need for jurisdictional discovery, the date for supplementing their opposition papers and the hearing on the motion to dismiss should be set for August 29, 2008 and September 17, 2008 respectively.

Dated this 28th day of May, 2008.                    Respectfully submitted,


By:   /s/ Mark L. Pettinari
        Mark L. Pettinari

Law Offices of Mark L. Pettinari
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:  415-240-4200
Facsimile:  415-240-4202

*Attorneys for Defendant and*
*Counterclaimants Bernt Wahl and*
*Factle*