Mark L. Pettinari (CA Bar No.: 119293)
LAW OFFICES OF MARK L. PETTINARI
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 240-4200
Facsimile:  (415) 240-4201
Email:  mlpettinari@mlplawoffices.com

*Attorneys for Defendants and Counterclaimants
Bernt Wahl and Factle*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPONICS, LLC, a Vermont liability company,<br><br>          Plaintiff,<br><br>  vs.<br><br>BERNT WAHL, an individual, FACTLE, a California corporation, and DOES 1-20, inclusive,<br><br>          Defendants.<br><br>BERNT WAHL, an individual and FACTLE a California corporation,<br><br>          Counter Plaintiffs,<br><br>  vs.<br><br>MAPONICS, LLC, a Vermont liability company and DARRIN CLEMENT, an individual,<br><br>          Counter Defendants. | Case No.: C07-05777-BZ<br><br>**NOTICE OF AND MOTION TO STRIKE EXTRINSIC EVIDENCE AND DENY THE REQUESTS FOR JUDICIAL NOTICE; MEMORANDUM IN SUPPORT THEREOF**<br><br>The Honorable Bernard Zimmerman<br><br>Date:  July 16, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom G, 15th Floor |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Bernard Zimmerman, Magistrate Judge of the above-entitled Court, in Courtroom G at the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, or by any other Judge sitting in his stead, Counterclaimants' Motion to Strike Extrinsic Evidence shall be heard.

## MOTION TO STRIKE EXTRINSIC EVIDENCE

Counterclaimants' Bernt Wahl ("Wahl") and Factle will and hereby move this Court for an Order Striking Counter defendants' extrinsic evidence on the grounds that under Rule 12(b)(6) and 56(f) of the Federal Rules of Civil Procedure, Counter Defendants' Rule 12(b)(6) motion cannot be based on extrinsic evidence. Specifically, Counterclaims move to strike paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14 and exhibits attached to the Declaration of Darrin Clement, filed on May 8, 2008, and to deny the Requests for Judicial Notice, including exhibits attached thereto.

This Motion is based upon the following Memorandum in Support thereof, any argument of counsel allowed by the Court, any evidence presented at hearing that is requested by the Court, and the Court file herein. A Proposed Order is filed concurrently herewith.

## MEMORANDUM IN SUPPORT OF MOTION

### I. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14 and exhibits attached to the Declaration of Darrin Clement, filed on May 8, 2008 in Support of the Motion to Dismiss Under Rules 12(b)(2) and 12(b)(6) should be stricken.

2. Whether the Requests for Judicial Notice, including accompanying exhibits thereto, filed on May 8, 2008, should be denied.

## II.   INTRODUCTION

Counter defendants Maponics, LLC ("Maponics") and Darrin Clement ("Clement") have cleverly tried to circumvent the Rules of Civil Procedure by proffering evidence through a declaration and attached exhibits as well as by requesting this Court to take Judicial Notice of correspondence between counsel for consideration on their Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Since a Rule 12(b)(6) motion to dismiss for failure to state a claim is a motion limited to the pleadings, any extrinsic evidence is improper. Accordingly, those paragraphs of the Declaration of Darrin Clement filed May 8, 2008 unrelated to the Rule 12(b)(6) motion and the exhibits thereto should be stricken and the Requests for Judicial Notice denied.

## III.   ARGUMENT

### A.   Counter Defendants' Extrinsic Evidence Should Be Stricken

A Rule 12(b)(6) motion is an attack on the pleadings. The sole issue is whether the facts as pleaded would, if established, support a valid claim for relief. Extrinsic evidence must not be presented. If extrinsic matter is presented on a Rule 12(b)(6) motion, to preserve the motion as one attacking the pleadings, it must be stricken from the record. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure:

> "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Thus, to preserve the integrity of the Rule 12(b)(6) motion filed by Counter defendants, the Court must strike the extrinsic matter and exclude it from consideration on the Rule 12(b)(6) motion.

Here, paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14 of the Declaration of Darrin Clement and all of the exhibits attached thereto are extrinsic matter proffered in support of

1  Counter defendants Rule 12(b)(6) motion to dismiss.  As such, these paragraphs and exhibits
2  thereto should be stricken and excluded from the Court's consideration on the Rule 12(b)(6)
3  motion.

4  **B.    Counter Defendants' Requests for Judicial Notice Should Be Denied**

5  Rule 201 of the Federal Rules of Evidence states in relevant part that:

> "[A] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned."

10  When there is no indication that facts asserted are true, "[m]uch less that they are not
11  subject to reasonable dispute," as required by Rule 201, they are not the proper subjects for
12  judicial notice". *U.S. v. Wilson*, 631 F.2d 118, 120 (1980).

13  Here, Counter defendants improperly request that this Court take judicial notice of
14  correspondence between the parties' counsel and the facts contained therein.  As the facts
15  contained in counsels' correspondence are clearly subject to reasonable dispute, and there is
16  no indication of the truth of the facts asserted, the correspondence and the facts contained
17  therein are not the proper subject for judicial notice.

18  Further, since the correspondence is extrinsic evidence, as explained above, it cannot
19  be considered on a motion to dismiss under Rule 12(b)(6).

20  / /
21  / /
22  / /
23  / /
24  / /
25  / /
26  / /

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Counterclaimants motion to strike extrinsic evidence and deny the Requests for Judicial Notice should be granted in its entirety.

Dated this 28th day of May, 2008.            Respectfully submitted,

By:   /s/ Mark L. Pettinari
         Mark L. Pettinari

Law Offices of Mark L. Pettinari
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:  415-240-4200
Facsimile:  415-240-4202

*Attorneys for Defendant and Counterclaimants Bernt Wahl and Factle*