Mark L. Pettinari (CA Bar No.: 119293)
LAW OFFICES OF MARK L. PETTINARI
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:   (415) 240-4200
Facsimile:    (415) 240-4201
Email:          mlpettinari@mlplawoffices.com

*Attorneys for Defendants and Counter-Plaintiffs
Bernt Wahl and Factle*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPONICS, LLC, a Vermont liability company, <br><br>            Plaintiff, <br><br> vs. <br><br> BERNT WAHL, an individual, FACTLE, a California corporation, and DOES 1-20, inclusive, <br><br>            Defendants. <br><br>――――――――――――――― <br><br> BERNT WAHL, an individual and FACTLE a California corporation, <br><br>            Counter Plaintiffs, <br><br> vs. <br><br> MAPONICS, LLC, a Vermont liability company and DARRIN CLEMENT, an individual, <br><br>            Counter Defendants. | Case No.: C07-05777-BZ <br><br> **MEMORANDUM OF WAHL AND FACTLE IN OPPOSITION TO MOTION TO DISMISS THE COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)** <br><br> The Honorable Bernard Zimmerman <br><br> Date:  July 16, 2008 <br> Time:  10:00 a.m. <br> Place: Courtroom G, 15th Floor |

Civil Action No.: C07-05777-BZ
**MEMORANDUM OF WAHL AND FACTLE IN OPPOSITION TO
MOTION TO DISMISS THE COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)**

1

## INTRODUCTION

The motion to dismiss the Counterclaims against Counter defendants Maponics LLC ("Maponics") and Darrin Clement ("Clement") pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted should be converted to a motion for summary judgment under Rule 56 or denied as being without merit. All claims for relief averred in the Counterclaim have been properly pleaded. There is no basis for an attack on the well pleaded Counterclaim. Instead, Counter defendants introduced extrinsic matter into their motion in a brazen circumvention of the Federal Rules of Civil Procedure and argue substantive defenses against the claims averred. If converted to a motion for summary judgment, the matter should either be denied outright for failure to comply with the Rules governing summary judgment motions or continued to permit Counterclaimants an opportunity to conduct discovery and prepare an opposition to the motion.

Alternatively, the Court may consider the motion as a Rule 12(b)(6) motion to dismiss, but it must exclude all extrinsic evidence to do so. On its face, the Counterclaim suffers no deficiency that would warrant a dismissal under Rule 12(b)(6). The intentional tortious actions of Clement and Maponics are more than adequately plead. Accordingly, if considered a motion under Rule 12(b)(6), it lacks merit and should be summarily dismissed.

## BACKGROUND

While this case was filed by Maponics, LLC ("Maponics") on November 14, 2007 against Wahl and Factle, the Complaint for copyright infringement and unfair competition was never served on Wahl or Factle. A default judgment was entered but was vacated by the Court on March 4, 2008, pursuant to a Stipulation and Order to Vacate the Entry of Default that was filed by Maponics. Thereafter, Wahl and Factle obtained counsel and filed an Answer and Counterclaim joining Clement as a Counter defendant. The Counterclaim seeks a declaratory judgment of non-infringement and invalidity/unenforceability of the copyright, as well as claims under California law for defamation per se, trade libel/product

disparagement, interference with contractual relations, interference with prospective economic advantage, unfair competition, and respondeat superior/ratification.

In response to the Counterclaim, Maponics and Clement have filed one motion requesting this Court to dismiss the Counterclaims against them pursuant to Federal Rules of Civil Procedure Rules 12(b)(2) (lack of personal jurisdiction over Clement) and 12(b)(6) (failure to state a claim as to Maponics and Clement).

These are two distinct motions that have been combined into one motion by Maponics and Clement. To keep the issues separate, Wahl and Factle have chosen to file separate oppositions to the two motions. This is Wahl and Factle's opposition to Counter defendants' motion to dismiss the Counterclaims against them pursuant to Rule 12(b)(6) for failure to state a claim.

## **ARGUMENT**

### **I.    Counter Defendants' Motion Must be Converted to a Motion for Summary Judgment Under Rule 56**

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Thus, to preserve the integrity of the Rule 12(b)(6) motion filed by Counter defendants, the Court must either strike the extrinsic matter and exclude it from consideration on the Rule 12(b)(6) motion or convert it to a summary judgment motion under Rule 56. Rule 12(d) specifically requires that all parties must be given a reasonable opportunity to present all pertinent material. Rule 56(f) of the Federal Rules of Civil Procedure also allows the Court to continue the matter so the opposing party can conduct discovery to garner its opposing material.

Wahl and Factle have concurrently filed a motion to strike the extrinsic matter introduced by Counter defendants as well as deny their Requests for Judicial Notice. Should the Court deny the motion to strike and grant the Requests for Judicial Notice, then pursuant to Rule 12(d) the motion must be converted to a summary judgment motion. Should that occur, the motion should be denied outright for failing to comply with the rules governing summary judgment motions.

However, should the Court not deny Counter defendants' motion, then pursuant to Rules 12(d) and 56(f), the Court should continue the motion and allow Counterclaimants a reasonable period of time to conduct discovery and develop the evidence it feels is necessary to oppose the motion. Indeed, as the Ninth Circuit has explained, implicit in these rules is the requirement that sufficient time be afforded for discovery to be taken to develop facts essential to oppose the motion. *Portland Retail Druggists Ass'n v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981).

**II.    On its Face, the Rule 12(b)(6) Motion to Dismiss Should Be Denied**

The Counterclaim has been properly pleaded in this case. The Supreme Court recently reminded litigants and the courts of its longstanding precedent regarding the notice pleading requirement of the Federal Rule of Civil Procedure:

> "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the claim is and the grounds upon which it rests."'"

*Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), quoting, *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). The *Erickson* Court went on to remind courts that "when ruling on a defendant's motion to dismiss, a judge "must accept as true all of the factual allegations contained in the complaint." 127 S.Ct. at 2200.

1       Aside from the defamation claim, all of the other claims in the Counterclaim fall
2  within the umbrella of notice pleading.  What is telling is that Counter defendants make no
3  challenge to the pleading of those claims and on that basis they should all stand up to a
4  motion to dismiss under Rule 12(b)(6) as properly pleaded.  Instead, Counter defendants
5  contend that all of the claims stem from the alleged defamation.  One need only review the
6  Counterclaim to see that there are many allegations of conduct that support the interference
7  and unfair competition claims, including the damage and disruption to the business caused
8  by Counter defendants.

9       The gravamen of Counter defendants' motion focuses on the defamation claim.
10  They contend that the claim does not state a cause of action for defamation not because it is
11  not adequately pleaded, but because they contend there are defenses to the claim which
12  makes it impossible for Counterclaimants to prevail on the claim.  Even relying on the case
13  law cited by Counter defendants, the words constituting an alleged defamatory statement
14  "must be specifically identified, if not pleaded verbatim."  Motion to Dismiss at p. 18.

15       Counterclaimants have pleaded the defamatory statements with specificity, actually
16  quoting those that were written and that they were privy to and specifically identifying
17  others which come from statements they believed were made.  The rules of pleading
18  defamation do not require any more than that.  More important, Maponics and Clement do
19  not deny the allegations in the Counterclaim.  Rather, they argue Clement's intent behind the
20  statements or their meaning to Clement when he said them or Clement's interpretation of the
21  statements.  That is improper in a motion under Rule 12(b)(6).  It is not an attack on the
22  pleading, but a defense to the claim.

23       Moreover, Counter defendants contend that the defamatory statements are not per se
24  defamation and should be dismissed for failure to plead special damages, which are required
25  when the defamation alleged is not libel per se.  However, statements that Wahl was a thief,
26  that he "stole the data," is an accusation that he has committed a crime, which by statute is

defamation per se under California law and does not require the pleading of any damages. Cal. Civil. Code Sections 45, 45a and 46. Moreover, the use of a single word which is in connection with reference to a particular act has been held as actionable per se. *See* 1 ALR3d 844 at §5(a) and cases cited therein. Here, Clement tied his use of the word "stole" to a particular act. It was not left to nobody's imagination and required no mental machinations of inference and innuendo to determine what Clement was saying about Wahl. Rather, Clement unabashedly and repeatedly proclaimed that Wahl had stolen the data that he had sold to others. Not only is this egregious by itself, it is incredible when one realizes that Clement had the inside knowledge that Wahl and Factle had every right to sell what they did. Furthermore, Clement made such statements to companies like Ask.com who purchased products from Factle that were other than the HomeGain mapping data without ever knowing what these entities were using. Such careless disregard coupled with defamatory statements is clearly actionable. And, it was pleaded properly.

Maponics and Clement further argue that the defamatory statements were simply Clement's opinions and therefore not actionable. This is outrageous. Clement had no right to accuse Wahl of stealing the data he knew Wahl and Factle had the right to resell nor did he have any right to tell others that the Factle products they purchased were never owned by Wahl or Factle. Simply put, opinion does not rise to the level of statements that charge another with a crime or directly injure them in respect to their profession, trade, or business. Cal. Civil Code Section 46.

Further, Maponics and Clement contend that the statements made by Clement are protected as privileged. The defamatory and disparaging statements that Clement admits he made are not subject to the litigation privilege. They were not made in the context of the litigation, they were not statements made in pleadings, and they were not statements made in open court. See Cal. Civil Code Section 47.[1] Rather, these defamatory and disparaging

---

[1] Even reading the language from Section 47 quoted by Counter defendants in their motion, one can easily understand that the statements made by Clement were not privileged. Motion to Dismiss at p. 21.

statements that were made by Clement were statements he knew were false and were statements he made to the customers and potential customers of Wahl and Factle, who just happen to be direct competitors with Clement's company, Maponics. More important, they go far beyond a simple description of the litigation, especially when Clement and Maponics knew that Wahl not only had the right to resell HomeGain's product, he created the HomeGain mapping data product.

Maponics and Clement further argue that Clement was somehow obligated to make these defamatory and disparaging comments to legitimate purchasers of Factle products because he is responsible for protecting his company's intellectual property and that he was obligated under the law and in particular the Digital Millennium Copyright Act to provide these kind of cease and desist emails to potential infringers. First, that is outrageous. Second, he has attorneys who send out cease and desist letters. Third, the DMCA does not apply to Ask.com or to TourSheet. They are not service providers within the meaning of the DMCA. 17 U.S.C. Section 512(k). Fourth, even if Clement did feel he had an obligation under the safe harbor provisions of the DMCA, he didn't properly provide the notice required under the Act. 17 U.S.C. Section 512(c).

All of the claims for relief averred in the Counterclaim have been adequately and properly pleaded.

### III. Conclusion

Accordingly, Counter defendants motion to dismiss pursuant to Rule 12(b)(6) should be denied in its entirety.

Respectfully submitted,

Dated this 28th day of May, 2008.   By: ___/s/ Mark L. Pettinari___
                                         Mark L. Pettinari

*Attorneys for Defendants and Counterclaimants
Bernt Wahl and Factle*