George Frost (CA Bar No.: 158728)
2930 Magnolia Street
Berkeley, CA 94705
Telephone:   (510) 666-0141
Facsimile:   (510) 295-2562
Email:       geofrost@comcast.net

Alexander Volchegursky (CA Bar No.: 209172)
235 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 986-4000
Facsimile:   (415) 986-4001
Email:       alex_volchegursky@yahoo.com

*Attorneys for Plaintiff Maponics, LLC and Counter defendants Maponics LLC and Darrin Clement*

Mark L. Pettinari (CA Bar No.: 119293)
LAW OFFICES OF MARK L. PETTINARI
Stock Exchange Tower
155 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:   (415) 240-4200
Facsimile:   (415) 240-4201
Email:       mlpettinari@mlplawoffices.com

*Attorneys for Defendants and Counterclaimants Bernt Wahl and Factle*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPONICS, LLC, a Vermont liability company, | Case No.: C07-05777-BZ |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | Date: July 16, 2008<br>Time: 10:00 a.m. |
| BERNT WAHL, an individual, FACTLE, a California corporation, and DOES 1-20, inclusive, | Place: Courtroom G, 15th Floor |
| Defendants. | The Honorable Bernard Zimmerman |

CIVIL ACTION NO.: C07-05777-BZ
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1

|   |   |
|---|---|
| BERNT WAHL, an individual and FACTLE a California corporation, | ) ) ) |
| Counter Plaintiffs, | ) ) |
| vs. | ) ) |
| MAPONICS, LLC, a Vermont liability company and DARRIN CLEMENT, an individual, | ) ) ) ) |
| Counter Defendants. | ) ) ) |

Plaintiff and Counter defendant MAPONICS, LLC, Defendants and Counterclaimants BERNT WAHL ("WAHL") and FACTLE, and Counter defendant DARRIN CLEMENT hereby submit the following Joint Case Management Conference Statement pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.  Counter defendant DARRIN CLEMENT conditionally joins in this filing, while preserving his objection to personal jurisdiction, and only to the extent this submittal does not constitute a jurisdictional waiver.

### 1. Jurisdiction and Service

On November 14, 2007, Maponics filed its Complaint alleging violations of the federal copyright law and unfair competition under Cal. Bus. & Prof. Code Section 17200. This Court has federal question subject matter jurisdiction over Maponics' copyright claims pursuant to 17 U.S.C. Section 411 and 28 U.S.C. Sections 1331 and 1338.  This Court has diversity subject matter jurisdiction over Maponics' state claim pursuant to 28 U.S.C. Section 1332.  Supplemental jurisdiction also exists over Maponics' state law claim pursuant to 28 U.S.C. Section 1367.  No issues exist regarding the Court's personal jurisdiction over Wahl and Factle or that venue over Maponics' claims lies in this judicial district.

On March 31, 2008, Wahl and Factle filed their Answer to the Complaint denying the allegations averred by Maponics and raising affirmative defenses. Wahl and Factle also filed counterclaims joining Darrin Clement as a Counter defendant and alleging claims for declaratory relief of non-infringement and invalidity and/or unenforceability of the copyright, libel per se, trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage, respondeat superior/ratification, and unfair competition under California Business & Professions Code Section 17200. The Court has subject matter jurisdiction over the claim for declaratory judgment pursuant to 28 U.S.C. Sections 2201, 2202, and 1338. The Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367. The Court also has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1332 because there is a diversity of citizenship between the Counterclaimants and Counter defendants and the amount in controversy exceeds $75,000. There are no issues regarding whether venue properly lies in this district and venue is proper in this district under 28 U.S.C. Section 1391(b)(2) in that the events or omissions giving rise to the claims for relief alleged in the Counterclaim occurred in this district.

Due to pending motions to dismiss pursuant to Rules 12(b)(2) (lack of personal jurisdiction over Clement) and 12(b)(6)(failure to state a claim) brought by Maponics and Clement, there has not yet been an Answer to the Counterclaim filed.

All parties to the Complaint and Counterclaim have been served.

**2.     Facts**

Maponics filed this copyright infringement action seeking damages, permanent injunction and other relief against Bernt Wahl and Factle based on the alleged unauthorized distribution, marketing and sale, lease or licensing of products derived from and/or containing parts of its copyrighted mapping software, called the "Neighborhood Mapping Layer," protected by U.S. Copyright Registration No. VA 1-377-209. In their Answer,

Wahl and Factle denied the allegations averred in Maponics' Complaint, asserted affirmative defenses, and brought the Counterclaims referred to herein.  As a result of statements made by Darrin Clement both in writing and verbally, alleged to be defamatory and tortious, Wahl and Factle joined Clement as a Counter defendant to their Counterclaim.  Clement is the manager of Maponics, LLC.

Due to pending motions to dismiss under Rule 12(b)(2) (lack of personal jurisdiction over Clement) and Rule 12(b)(6) (failure to state a claim), neither Maponics nor Clement have filed an Answer to the Counterclaim.

### 3. Legal Issues

In addition to the issues raised in the pending Motions to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, the parties agree that the following legal issues are in dispute:

- The validity and/or enforceability of U.S. Copyright Registration No. VA 1-377-209;
- Whether Wahl and/or Factle has infringed U.S. Copyright Registration No. VA 1-377-209;
- Whether Wahl and/or Factle have engaged in acts of unfair competition against Maponics;
- Whether some or all of Maponics' claims are barred for failing to state a claim upon which relief can be granted;
- Whether some or all of Maponics' claims are barred under the doctrine of unclean hands;
- Whether there has been a fair use by Wahl and/or Factle of the subject matter of U.S. Copyright Registration No. 1-377-209;
- Whether Maponics is entitled to damages and, if so, the amount of such damages;

- Whether Maponics is entitled to injunctive relief against Wahl and/or Factle, and if so, the scope and duration of such injunctive relief;
- Whether Clement and/or Maponics have defamed Wahl;
- Whether Clement and/or Maponics have committed acts of trade libel and/or product disparagement against Factle;
- Whether Clement and/or Maponics have tortiously interfered with the contractual relations of Wahl and/or Factle;
- Whether Clement and/or Maponics have tortiously interfered with the prospective economic advantage of Wahl and/or Factle;
- Whether Clement and/or Maponics have engaged in acts of unfair competition against Wahl and/or Factle;
- Whether Maponics is liable for the alleged tortious acts of Clement;
- Whether Wahl and/or Factle are entitled to damages and, if so, the amount of such damages;
- Whether Wahl and/or Factle are entitled to injunctive relief against Clement and/or Maponics and, if so, the scope and duration of such injunctive relief; and
- Whether any party is entitled to recover its reasonable attorneys fees, costs, and expenses incurred in this litigation.

**4.     Motions**

Clement has filed a Rule 12(b)(2) motion contesting personal jurisdiction, as well as well as joining in a Rule 12(b)(6) motion to dismiss all of the tort-based claims that turn on the alleged defamation.   The hearing on these motions is scheduled to take place before the Honorable Bernard Zimmerman, Magistrate Judge at 10:00 a.m. on July 16, 2008.  No other motions are pending.

Following discovery, the parties anticipate filing dispositive motions on some or all of the claims at issue in the case.

**5.     Amendment of Pleadings**

At this stage of the case, Maponics does not anticipate seeking leave to amend its Complaint, although it reserves the right to do so or to join additional parties should discovery reveal facts supportive of such action.

At this stage of the case, Wahl and Factle do not anticipate seeking leave to amend their Answer or raise any additional defenses.  The Counterclaim is not yet at issue and there are motions pending attacking the sufficiency of that pleading.  Accordingly, Wahl and Factle reserve their right to seek leave to amend their Answer, add additional claims or defenses, amend or supplement their Counterclaim, and join additional parties to the action.

**6.     Evidence Preservation**

The parties agree to preserve evidence relevant to the claims, defenses, and issues in this case, including evidence in electronic form.

**7.     Disclosures**

On June 25, 2008, Maponics served counsel for Wahl and Factle a document entitled Initial Disclosures containing some but not all of the information requested pursuant to Rule 26(a)(1).  Maponics has not yet served counsel for Wahl and Factle with any documents relevant to any of the issues in the case.

Clement has not served Wahl or Factle with any initial disclosures pursuant to Rule 26(a)(1).  Wahl and Factle have not yet served Maponics or Clement with any initial disclosures pursuant to Rule 26(a)(1).

At the Rule 26(f) Conference of counsel, it was agreed that depending on the Court's ruling on the pending motions, the parties would serve their initial disclosures pursuant to Rule 26(a)(1) on or before July 30, 2008.

**8.    Discovery**

There has been an informal exchange of limited information between the parties. No formal discovery has been taken to date. Maponics has proposed to commence formal discovery, but since the Counterclaim is not yet at issue in the case, Wahl and Factle have refused to agree to the commencement of formal discovery.

In their opposition to the pending Rule 12(b)(2) motion, Wahl and Factle have requested that should the Court be inclined to grant the Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, that they be allowed unilateral jurisdictional discovery to oppose the motion to dismiss for lack of personal jurisdiction. In their opposition to the pending Rule 12(b)(6) motion, Wahl and Factle requested that should the Court treat the motion as a Motion for Summary Judgment instead of one to dismiss pursuant to Rule 12(b)(6), that they be permitted discovery to oppose the motion. In their Reply, Maponics requested that if any discovery is ordered, that full discovery commence as to all parties and claims.

The parties agree to the following limitations on discovery subject to a reservation of rights to seek leave to take additional formal discovery beyond these limits should the need arise:

| | |
|---|---|
| Interrogatories: | 25 per party |
| Document Requests: | No limit |
| Requests for Admissions: | No limit |
| Depositions: | 10 fact witnesses per side plus expert witnesses |

For the purposes of convenience, the parties agree, at the time of service of all discovery, to informally serve their discovery requests and responses via email and to provide on another with a word processing file, in WORD format, of any requests and responses thereto that are served. The parties do not agree that service of discovery requests or responses thereto shall be made via email. Rather, formal service of discovery requests

CIVIL ACTION NO.: C07-05777-BZ    7
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

and responses thereto shall be by United States Postal Service First Class Mail or Overnight Courier Service, as chosen by the serving party.

Provided the pending motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) are denied or the Court issues and Order to proceed with discovery, the parties agree on and have proposed a schedule setting forth various case and discovery deadlines at Paragraph 17 herein.

**9.    Class Actions**

Not applicable to this case.

**10.   Related Cases**

There are no cases related to this action either pending or closed.

**11.   Relief**

Maponics' Complaint seeks a judgment of copyright infringement, damages, a permanent injunction, restitution, punitive damages, pre and post judgment interest, reasonable attorneys' fees, and costs.

Wahl and Factle seek a judgment that U.S. Copyright Registration No. VA 1-377-209 is not infringed, invalid, and/or unenforceable; a permanent injunction, damages, restitution, punitive damages, pre and post judgment interest, reasonable attorneys fees', costs of suit, and expenses incurred in the action.

**12.   Settlement and ADR**

The parties have agreed to proceed with an early settlement conference before a Judge or Magistrate Judge in this District in an effort to resolve all issues in the action.

**13.   Consent to Magistrate Judge For All Purposes**

Maponics, Wahl, and Factle have each consented to this case being handled by Magistrate Judge Zimmerman for all purposes. Clement has neither consented to nor declined to consent to a Magistrate Judge for all purposes.

**14. Other References**

Arbitration, whether binding or not, is not applicable to this case. Further, the parties agree that this case is not suitable for transfer to a special master or to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

At this time, the parties have no suggestions or proposals that may result in a narrowing of any of the issues.

**16. Expedited Schedule**

The parties do not agree this case lends itself to an expedited schedule. However, should the pending motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) be denied or the Court order discovery to proceed, the parties agree on the proposed schedule set forth in Paragraph 17 herein.

**17. Scheduling**

Should both of the pending motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) be denied by the Court, or the Court order that discovery proceed, the parties agree on the following schedule. Should either these motions be continued for further briefing or otherwise not denied in their entirety, the parties believe an additional case management conference may be necessary to establish a workable pretrial schedule.

| Event | Date |
|---|---|
| Discovery Begins on all issues | August 1, 2008 |
| Close of Fact Discovery | December 31, 2008 |
| Opening Expert Reports<br>　on those issues for which the party<br>　bears the burden of proof | January 30, 2009 |
| Rebuttal Expert Reports | February 20, 2009 |
| Close of Expert Discovery | March 20, 2009 |
| Deadline for Filing Dispositive Motions | April 24, 2009 |

| | | |
|---|---|---|
| 1 | Pretrial Conference | July 1, 2009 |
| 2 | Jury Trial (7 to 10 court days) | August 10, 2009 |

**18.  Trial**

Maponics, Wahl, and Factle have each demanded a jury trial. At this time, the parties anticipate a jury trial of this action to last 7 to 10 court days.

**19.  Disclosure of Non-party Interested Entities or Persons**

Maponics, Wahl, and Factle have each filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.

Maponics, pursuant to Civil Local Rule 3-16, has certified that as of December 7, 2007, other than the named parties, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) known to the undersigned to have either: (1) a financial interest (of any kind) in the subject matter in controversy or in a party to this proceeding; or (ii) any other interest that could be substantially affected by the outcome of this proceeding.

Wahl and Factle, pursuant to Civil Local Rule 3-16, has certified that as of April 21, 2008, other than the named parties, there is no such interest to report, and that there is no parent corporation with any interest in the action.

**20.  Other Matters**

Counsel for the parties have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

The parties have not yet determined whether a Protective Order will be necessary in this case. However, should a Protective Order be necessary, the parties agree to submit a Stipulated Protective Order for the Court's consideration, signature, and filing in the case

that will include, inter alia, a provision addressing the inadvertent disclosure of privileged materials.

                Respectfully submitted,

                GEORGE FROST

Dated this 3rd day of July, 2008.   By: /s/ George Frost
                    George Frost

*Attorneys for Plaintiff and Counter defendant Maponics, LLC and Counter defendant Darrin Clement*

                LAW OFFICES OF MARK L. PETTINARI

Dated this 3rd day of July, 2008.   By: /s/ Mark L. Pettinari
                    Mark L. Pettinari

*Attorneys for Defendants and Counterclaimants Bernt Wahl and Factle*

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, George Frost, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 3, 2008 at San Francisco, California.

                By: /s/ Mark L. Pettinari
                    Mark L. Pettinari

*Attorneys for Defendants and Counterclaimants Bernt Wahl and Factle*