# **TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAPONICS, LLC, | ) | No.  C07-5777 BZ |
| | ) | |
| Plaintiff(s), | ) | **ORDER DENYING MOTION** |
| | ) | **TO DISMISS** |
| v. | ) | |
| | ) | |
| BERNT WAHL, ET AL., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Maponics LLC ("Maponics") sued Bernt Wahl ("Wahl") and Factle alleging they unlawfully used Maponics' mapping software.  Wahl and Factle counterclaimed against Maponics and its manager, Darrin Clement ("Clement"), for declaratory judgment, defamation, trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage, and unfair competition.

Maponics and Clement (collectively "counterdefendants") then moved to dismiss the counterclaims against Clement for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and to dismiss the tort counterclaims

1

# TENTATIVE RULING

for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, counterdefendants' motion to dismiss is **DENIED**.  Because I find that this court has specific jurisdiction over Clement, counterclaimants' motion for leave to conduct jurisdictional discovery is **DENIED** as **MOOT**.

<u>Motion to Dismiss for Lack of Jurisdiction over Clement:</u>

Counterclaimants contend that this court has specific jurisdiction over Clement, the general and sales manager of Maponics.  They allege that Clement intentionally directed tortious conduct to California when he allegedly sent defamatory emails concerning counterclaimants, who are located in California, to California companies.  Clement admits that he sent the emails to Factle's clients TourSheet and Ask.com, but declares that he did not know where Toursheet.com was located when he sent the email and believed that Ask.com was headquartered in New York where its parent company is located.

In order to find specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 620 -621

---

[1]   All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

# TENTATIVE RULING

(9th Cir. 1991). Because no jurisdictional discovery has been conducted, counterclaimants need only make a prima facie showing of jurisdiction. Scharzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Because some of the counterclaims are intentional torts, the "effects" test is used to determine if Clement purposely directed his activities toward California. Calder v. Jones, 465 U.S. 783, 788-89; Schwarzenegger, supra, at 802-03. The "'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Counterclaimants have satisfied the "expressly aiming" requirement because Clement "is alleged to have engaged in wrongful conduct targeted at [the counterclaimants who] [Clement] knows to be [] resident[s] of the forum state." Id. *quoting* Bancroft & Masters, 223 F.3d 1082, 1087 (9th Cir. 2000). Here, Clement allegedly made libelous and disparaging statements that Wahl stole Maponics data and that Factle's product contained topological errors and attempted to interfere with Factle's contractual relationships. Since Wahl and Factle are residents of California,[2] Clement's alleged

---

[2] In their moving papers, counterdefendants allege that "Counterclaimants' business operations are now primarily located in Malaysia." (Mot. to Dismiss at p. 12.) However, the portions of counterclaimants' complaint that they cite to in support of the allegation provides that Factle merely works in "collaboration" with a group in Malaysia and refers to

3

# TENTATIVE RULING

tortuous conduct was directed at this forum. Unlike <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1158 (9th Cir. 2006), Clement's statements were not just posted on the internet but were sent to California companies and were designed to impact California residents, all of which constitutes "something more" than alleging acts that might have a foreseeable effect in California.

Counterdefendants' arguments that jurisdiction is lacking because Clements actions were not tortious is also without merit. <u>Yahoo! Inc. v. La Lique Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1208 (9th Cir. 2006)("[I]f an allegedly wrongful act were the basis for jurisdiction, a holding on the merits that the act was not wrongful would deprive the court of jurisdiction.")

Finally, I find that the totality of factors present here make it reasonable to require Clement to litigate in this forum. <u>Ziegler v. Indian River County</u>, 64 F.3d 470, 475 - 76 (1995). Counterdefendants do not allege that a more convenient forum exists "because the true defendant and party in interest already is before the court." (Mot. to Dismiss at p. 17.) Maponics filed suit California, Clement directed his allegedly tortious conduct towards California, and counterclaimants are located in California. Presently, Maponics and Clement are represented by the same counsel.

---

Factle's allegedly non-infringing product as the "Malaysian Neighborhood Maps". There is no evidence before me that would indicate that Clement's allegedly tortious activity would be felt anywhere other than California.

4

# TENTATIVE RULING

For all these reasons, counterdefendants' motion to dismiss the counterclaims against Clement for lack of jurisdiction is **DENIED**.[3]

<u>Motion to Dismiss for Failure to State a Claim</u>

Counterdefendants also move to dismiss the tort counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim and should be granted only if the counterclaim fails to set forth facts sufficient to establish a plausible right of recovery.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  For purposes of such a motion, the counterclaim is construed in a light most favorable to the claimant and all properly pleaded factual allegations are taken as true.  <u>Aquino v. Capital One Fin. Corp.</u>, 2008 WL 1734752, at *1 (N.D. Cal.); <u>Mitan v. Feeney</u>, 497 F.Supp. 2d 1113, 1124 (C.D. Cal. 2007) (discussing the post-Twombly standard).

When ruling on a motion to dismiss, if the court "considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."  <u>U.S. v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir. 2003); Fed. R. Civ. P. 12(b).  Counterclaimants urge that the motion to dismiss must be converted to a motion for summary

---

[3] Counterclaimants' motion to permit jurisdictional discovery to oppose the motion to dismiss the counterclaims against Clement is **DENIED AS MOOT**.

# **TENTATIVE RULING**

judgment because counterdefendants submitted the declaration of Clement and attached exhibits.  As I have not considered the declaration or documents in ruling on the 12(b)(6) motion, there is no need to convert the motion into a motion for summary judgment.

<u>Litigation Privilege:</u>

Counterdefendants argue that the litigation privilege set forth in California Civil Code section 47(b) bars the counterclaims.  "To be privileged a statement must (1) be made in a judicial proceeding, (2) by litigants or other authorized participants, (3) aim to achieve the litigation's objects, and (4) have some logical connection or relation to the proceeding."  <u>O'Keefe v. Kompa</u>, 84 Cal.App.4th 130, 134 (2000) *citing* <u>Silberg v. Anderson</u>, 50 Cal.3d 205, 266 (1990).

Counterclaimants allege that Clement, on behalf of Maponics, made several statements giving rise to their intentional tort counterclaims.  Those statements include: "telling others, including prospective customers of Factle that either Factle cannot license the HomeGain neighborhood mapping data or raising doubts as to that fact"; "posting public comments on the internet that raise doubt about Factle's ability to license HomeGain neighborhood mapping data"; "posting statements on the internet as to the origin of the neighborhood mapping data" that were false; and "repeatedly telling potential customers of Factle products that 'Factle stole our data,' 'Bernt stole our data,' and repeatedly claiming credit for neighborhood mapping data . . .

6

# TENTATIVE RULING

thereby causing great confusion and unrest in the marketplace over the legitimacy of any Factle product." (Countercompl. at ¶s 81 - 83 & 95.)  The counterclaim also describes two emails Clement sent to counterclaimant's customers.  One was to Ask.com "stating that the neighborhood data used by Ask.com is Maponics data and that Wahl 'does not deny that is actually our data and that he has infringed on our copyright'"; "'you can understand how upset we were when we found that Bernt stole our data'"; and that Maponic's "'latest release has almost twice as many neighborhoods as the data Bernt provided to you (and we have none of the topological errors his version had).'" Id. at ¶ 89.  The other was to the founder and CEO of TourSheet, "advising TourSheet to discontinue use of the neighborhood mapping data that is had licensed from Factle because 'Factle stole our [Maponics] data.'" Id. at ¶ 90.[4]

    Counterdefendants argue that the statements were made to "notify potential infringers" of Maponic's complaint, "to investigate the extent of the infringement[,] and mitigate damages arising from it." (Reply at p. 8.) They claim that the two specific emails constituted cease and desist notices

---

[4] The request of all parties that, for the purpose of deciding the 12(b)(6) motion, I strike the copy of the emails attached to counterdefendants' moving papers, including the emails to Ask.com and Toursheet referenced in the counterclaim, is **GRANTED**. I **GRANT** counterclaimants' motion to strike the declaration of Clement and the attached exhibits for the purpose of ruling on the 12(b)(6) motion, but not for the purpose of ruling on the motion to dismiss for lack of jurisdiction.  I **DENY** counterdefendants' request that I take judicial notice of letters counterclaimants' attorney sent to them because those letters are not necessary to resolve these motions.

1 **TENTATIVE RULING**
2 as required by 17 U.S.C. section 512(c)(3) of the Digital
3 Millennium Copyright Act ("DMCA").  To be privileged under
4 section 47(b), a statement must be "reasonably relevant" to
5 the litigation.  Silberg, 50 Cal.3d at 220.  The litigation
6 privilege "applies to any publication required or permitted by
7 law in the course of a judicial proceeding to achieve the
8 objects of the litigation, even though the publication is made
9 outside the courtroom and no function of the court or its
10 officers is involved."  Id. at 212.  It is not clear that
11 Clement's emails actually constituted cease and desist
12 notifications.  Based on the evidence properly before me in
13 deciding these motions, the emails do not appear to be what I
14 would consider typical cease and desist letters and the emails
15 do not appear to satisfy the notification requirements set
16 forth in the DMCA.  17 U.S.C. § 512(c)(3)(A).  Nor is it
17 clear, at this stage of the litigation, that the emails, in
18 their entirety, served to "to achieve the objects of the
19 litigation."  Silberg, 50 Cal.3d at 212; Brown v. Wireless
20 Networks, Inc., No. 07-4301, 2008 WL 1859990, at *4 (N.D.
21 Cal., April 24, 2008), Lewis Mgmt. Co., Inc. v. Corel Corp.,
22 No. 94-1903, 1995 WL 724835, at *6 (S.D. Cal. June 28, 1995)
23 *citing* Silberg, 50 Cal. 3d at 219.  It is hard to see how the
24 claim that Maponics' software contains fewer errors that
25 Factle's are designed to further this litigation.  Based on
26 the allegations of the counterclaim, it is sufficiently
27 unclear that the statements at issue qualify for the
28 litigation privilege that the motion to dismiss is **DENIED**.

# **TENTATIVE RULING**

<u>Defamation</u>:

"Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."  Cal. Civ. Code § 45.

Counterdefendants incorrectly argue that the counterclaims do not specifically identify the allegedly defamatory statements.  In order to adequately state a claim for defamation, the claimant must "allege either the specific words or the substance of [the] statements," which the counterclaimants have done.  <u>Ellenberger v. Espinosa</u>, 30 Cal.App.4th 943, 951 (1994) *quoting* <u>Lipman v. Brisbane Elementary School Dist.</u>, 55 Cal.2d 224, 235 (1961) *superseded by statute as stated in* <u>Muskopf v. Corning Hosp. Dist.</u>, 55 Cal.2d 211 (1961).

Counterdefendants also argue that Clement's statements constituted an opinion, which is not actionable, and not a statement of fact.  Clement's statements that counterclaimants' "stole data" and that there are errors in Factle's products "imply a provably false assertion of fact" which is actionable.  <u>Paterno v. Superior Court</u>, 163 Cal. App. 4th 1342, 78 Cal. Rptr. 3d 244, 256 (2008) *discussing* <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S. 1, 19 (1990).  Because the alleged statements are libel per se, counterclaimants are not required to plead special damages.

9

# **TENTATIVE RULING**

Cal. Civ. Code § 45a.

<u>Interference Counterclaims</u>:

Counterdefendants argue that the trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage counterclaims should be dismissed because counterclaimants fail to allege that the complained of conduct actually disrupted a contract or economic relationship and that the conduct was wrongful instead of merely competitive.  However, for the purposes of this motion, the allegations that Factle lost business and that Clement lied to its customers as sufficient to state claims for relief.

<u>Unfair Competition</u>:

Counterdefendants' contend that the counterclaim for unfair competition pursuant to California's Business and Professions Code section 17200 must be dismissed because none of the tort claims are actionable.  Because I find that the tort counterclaims withstand the motion to dismiss, the unfair competition counterclaim also survives.

For the reasons set forth above, counterdefendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) is **DENIED.**

Dated: July 14, 2008

                                                    Bernard Zimmerman
                                                    United States Magistrate Judge

G:\BZALL\-BZCASES\MAPONICS\ORDER RE MOTION TO DISMISS.FINAL.TENTATIVE RULE.wpd

10