UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPONICS, LLC, | No. C07-5777 BZ |
| Plaintiff(s), | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| BERNT WAHL, ET AL., | |
| Defendant(s). | |

Maponics LLC ("Maponics") sued Bernt Wahl ("Wahl") and Factle alleging they unlawfully used Maponics' copyrighted mapping software.  Wahl and Factle counterclaimed against Maponics and its general and sales manager, Darrin Clement ("Clement"), for declaratory judgment, defamation, trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage, and unfair competition.

Maponics and Clement (collectively "counterdefendants") then moved to dismiss the counterclaims against Clement for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and to dismiss the tort counterclaims

1

for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, counterdefendants' motion to dismiss is **DENIED**.  Because I find that this court has specific jurisdiction over Clement, counterclaimants' motion for leave to conduct jurisdictional discovery is **DENIED** as **MOOT**.

Motion to Dismiss for Lack of Jurisdiction over Clement:

Counterclaimants contend that this court has specific jurisdiction over Clement.  They allege that they are located in California and that Clement intentionally directed tortious conduct to California when he sent defamatory emails about them to California companies.  Clement admits that he sent the emails to Factle's clients TourSheet and Ask.com, but declares that he did not know where TourSheet was located when he sent the email and believed that Ask.com was headquartered in New York where its parent company is located.  In order to find specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable." Roth v. Garcia Marquez, 942 F.2d 617, 620 -621 (9th Cir. 1991).  Because no jurisdictional discovery has been conducted, counterclaimants need only make a prima facie showing of jurisdiction. Schwarzenegger v. Fred

---

[1]   All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

2

Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Because some of the counterclaims are intentional torts, the "effects" test is used to determine if Clement purposely directed his activities toward California.  Calder v. Jones, 465 U.S. 783, 788-89 (1984); Schwarzenegger, 374 F.3d at 802-03.  The "'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

Counterclaimants have made a prima facie showing that Clement "expressly aimed" his activities at California because Clement "is alleged to have engaged in wrongful conduct targeted at [the counterclaimants whom Clement] knows to be [] resident[s] of the forum state."  Id. quoting Bancroft & Masters, 223 F.3d 1082, 1087 (9th Cir. 2000).  Specifically, Clement is alleged to have made libelous and disparaging statements that Wahl stole Maponics data and that Factle's product contained topological errors in an attempt to interfere with Factle's contractual relationships.  Since Wahl and Factle are residents of California,[2] Clement's alleged tortious conduct was directed at this forum.  The fact that Clement claims to have "had no idea" where Ask.com and TourSheet were located, and thought one was in New York, does

---

[2] In their moving papers, counterdefendants allege that "Counterclaimants' business operations are now primarily located in Malaysia." (Mot. to Dismiss at p. 12.)  The portions of the counterclaims they cite do not support that allegation and the complaint alleges that Factle and Wahl reside in California.

3

not alter the analysis. Clement knew that the counterdefendants, the people his emails could injure, were located in California. See <u>Panavision v. Toeppen</u>, 141 F.3d 1316, 1321 (9th Cir. 1998)(defendant knew the brunt of harm his conduct would cause would be felt in California, plaintiff's principal place of business); <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d 1191, 1195 (9th Cir. 1988)(clinic who gave interview in Switzerland directed effects at California, where Sinatra lived). Unlike <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1158 (9th Cir. 2006), Clement's statements were not just posted on the internet but were designed to impact California residents, all of which constitutes "something more" than alleging acts that might have a foreseeable effect in California.

Counterdefendants' argument that jurisdiction is lacking because Clements actions were not tortious is also without merit. <u>Yahoo! Inc. v. La Lique Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1208 (9th Cir. 2006)("[I]f an allegedly wrongful act were the basis for jurisdiction, a holding on the merits that the act was not wrongful would deprive the court of jurisdiction.")

Finally, I find that the totality of factors present here make it reasonable to require Clement to litigate in this forum. <u>Ziegler v. Indian River County</u>, 64 F.3d 470, 475 - 76 (1995). Counterdefendants cannot claim that a more convenient forum exists, "because the true defendant and party in interest already is before the court." (Mot. to Dismiss at p. 17.) Maponics filed suit California, Clement directed his

4

allegedly tortious conduct towards California, and counterclaimants are located in California. Clement must have realized that any counterclaim arising from his conduct would be filed in California, where Maponics sued. Presently, Maponics and Clement are represented by the same counsel. For all these reasons, counterdefendants' motion to dismiss the counterclaims against Clement for lack of jurisdiction is **DENIED**.[3]

Motion to Dismiss for Failure to State a Claim

Counterdefendants also move to dismiss the tort counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim and should be granted only if the counterclaim fails to set forth facts sufficient to establish a plausible right of recovery. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the counterclaim is construed in a light most favorable to the claimant and all properly pleaded factual allegations are taken as true. Aquino v. Capital One Fin. Corp., 2008 WL 1734752, at *1 (N.D. Cal.); Mitan v. Feeney, 497 F.Supp. 2d 1113, 1124 (C.D. Cal. 2007) (discussing the post-Twombly standard).

When ruling on a motion to dismiss, if the court "considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary

---

[3]   Counterclaimants' motion to permit jurisdictional discovery to oppose the motion to dismiss the counterclaims against Clement is **DENIED AS MOOT**.

5

1   judgment, and it must give the nonmoving party an opportunity
2   to respond." U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir.
3   2003); Fed. R. Civ. P. 12(b).  Counterclaimants urge that the
4   motion to dismiss must be converted to a motion for summary
5   judgment because counterdefendants submitted the declaration
6   of Clement and attached exhibits.  As I have not considered
7   the declaration or documents in ruling on the 12(b)(6) motion,
8   there is no need to convert the motion into a motion for
9   summary judgment.

10          Litigation Privilege:

11          Counterdefendants argue that the litigation privilege set
12  forth in California Civil Code section 47(b) bars the
13  counterclaims.  "To be privileged a statement must (1) be made
14  in a judicial proceeding, (2) by litigants or other authorized
15  participants, (3) aim to achieve the litigation's objects, and
16  (4) have some logical connection or relation to the
17  proceeding." O'Keefe v. Kompa, 84 Cal.App.4th 130, 134 (2000)
18  *citing* Silberg v. Anderson, 50 Cal.3d 205, 266 (1990).

19          Counterclaimants allege that Clement, on behalf of
20  Maponics, made several statements giving rise to their
21  intentional tort counterclaims.  Those statements include:
22  "telling others, including prospective customers of Factle
23  that either Factle cannot license the HomeGain neighborhood
24  mapping data or raising doubts as to that fact"; "posting
25  public comments on the internet that raise doubt about
26  Factle's ability to license HomeGain neighborhood mapping
27  data"; "posting statements on the internet as to the origin of
28  the neighborhood mapping data" that were false; and

6

1  "repeatedly telling potential customers of Factle products
2  that 'Factle stole our data,' 'Bernt stole our data,' and
3  repeatedly claiming credit for neighborhood mapping data . . .
4  thereby causing great confusion and unrest in the marketplace
5  over the legitimacy of any Factle product." (Countercompl. at
6  ¶s 81 - 83 & 95.)  The counterclaim also describes two emails
7  Clement sent to counterclaimant's customers.  One was to
8  Ask.com "stating that the neighborhood data used by Ask.com is
9  Maponics data and that Wahl 'does not deny that is actually
10 our data and that he has infringed on our copyright'"; "'you
11 can understand how upset we were when we found that Bernt
12 stole our data'"; and that Maponic's "'latest release has
13 almost twice as many neighborhoods as the data Bernt provided
14 to you (and we have none of the topological errors his version
15 had).'" Id. at ¶ 89.  The other was to the founder and CEO of
16 TourSheet, "advising TourSheet to discontinue use of the
17 neighborhood mapping data that is had licensed from Factle
18 because 'Factle stole our [Maponics] data.'" Id. at ¶ 90.[4]
19      To be privileged under section 47(b), a statement must be
20 "reasonably relevant" to the litigation.  Silberg, 50 Cal.3d
21 at 220.  The litigation privilege "applies to any publication

---

[4]     The request of all parties that, for the purpose of deciding the 12(b)(6) motion, I strike the copy of the emails attached to counterdefendants' moving papers, including the emails to Ask.com and TourSheet referenced in the counterclaim, is **GRANTED**.  I **GRANT** counterclaimants' motion to strike the declaration of Clement and the attached exhibits for the purpose of ruling on the 12(b)(6) motion, but not for the purpose of ruling on the motion to dismiss for lack of jurisdiction.  I **DENY** counterdefendants' request that I take judicial notice of letters counterclaimants' attorney sent to them because those letters are not necessary to resolve these motions.

1 required or permitted by law in the course of a judicial
2 proceeding to achieve the objects of the litigation, even
3 though the publication is made outside the courtroom and no
4 function of the court or its officers is involved." Id. at
5 212.  Counterdefendants argue that the statements were made to
6 "notify potential infringers" of Maponic's complaint, "to
7 investigate the extent of the infringement[,] and mitigate
8 damages arising from it."  (Reply at p. 8.)  They also claim
9 that the two specific emails constituted cease and desist
10 notices as required by 17 U.S.C. section 512(c)(3) of the
11 Digital Millennium Copyright Act ("DMCA").
12     It is not clear that Clement's emails actually
13 constituted cease and desist notifications.  Based on the
14 evidence properly before me in deciding these motions, the
15 emails do not appear to be what I would consider typical cease
16 and desist letters.  The emails seem more like an attempt by
17 Maponics' sales manager to gain business from a customer by
18 charging a competitor with theft, than an attempt to mitigate
19 a customer's damages.  The emails do not appear to satisfy the
20 notification requirements set forth in the DMCA.  17 U.S.C. §
21 512(c)(3)(A).  Nor is it clear, at this stage of the
22 litigation, that the emails, in their entirety, served to "to
23 achieve the objects of the litigation." Silberg, 50 Cal.3d at
24 212; Brown v. Wireless Networks, Inc., No. 07-4301, 2008 WL
25 1859990, at *4 (N.D. Cal., April 24, 2008), Lewis Mgmt. Co.,
26 Inc. v. Corel Corp., No. 94-1903, 1995 WL 724835, at *6 (S.D.
27 Cal. June 28, 1995).  It is hard to see how the claim that
28 Maponics' software contains fewer errors that Factle's was

8

1   made to further this litigation.[5]  Based on the allegations of
2   the counterclaim, it is sufficiently unclear that the
3   statements at issue qualify for the litigation privilege that
4   the motion to dismiss is **DENIED**.

5   Defamation:

6   "Libel is a false and unprivileged publication by
7   writing, printing, picture, effigy, or other fixed
8   representation to the eye, which exposes any person to hatred,
9   contempt, ridicule, or obloquy, or which causes him to be
10  shunned or avoided, or which has a tendency to injure him in
11  his occupation."  Cal. Civ. Code § 45.

12  Counterdefendants incorrectly argue that the
13  counterclaims do not specifically identify the allegedly
14  defamatory statements.  In order to adequately state a claim
15  for defamation, the claimant must "allege either the specific
16  words or the substance of [the] statements," which the
17  counterclaimants have done.  Ellenberger v. Espinosa, 30
18  Cal.App.4th 943, 951 (1994) *quoting* Lipman v. Brisbane
19  Elementary School Dist., 55 Cal.2d 224, 235 (1961) *superseded*
20  *by statute as stated in* Muskopf v. Corning Hosp. Dist., 55
21  Cal.2d 211 (1961).

---

[5]  Counterdefendants reliance during oral argument on Rubin v. Green, 4 Cal.4th 1187 (1993) was misplaced.  None of the concerns with which the California Supreme Court struggled in that effort to impose liability for solicitation on a attorney and her client who had sent a demand letter to the plaintiff are present here.  Most importantly, this suit had already been filed, so the counterclaim will not deprive counterdefendants of access to the courts, and the gist of access to the courts, and the gist of the communications, as pled, sounds more like communications designed to achieve a business purpose than a litigation purpose.

Counterdefendants also argue that Clement's statements constituted an opinion, which is not actionable, and not a statement of fact.  Clement's statements that counterclaimants' "stole data" and that there are errors in Factle's products "imply a provably false assertion of fact" which is actionable.  <u>Paterno v. Superior Court</u>, 163 Cal. App. 4th 1342, 78 Cal. Rptr. 3d 244 , 256 (2008) *discussing* <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S. 1, 19 (1990). Because the alleged statements are libel per se, counterclaimants are not required to plead special damages. Cal. Civ. Code § 45a.

<u>Interference Counterclaims</u>:

Counterdefendants argue that the trade libel/product disparagement, interference with contractual relations, interference with prospective economic advantage counterclaims should be dismissed because counterclaimants fail to allege that the complained of conduct actually disrupted a contract or economic relationship and that the conduct was wrongful instead of merely competitive.  However, for the purposes of this motion, the allegations that Factle lost business and that Maponics and Clement lied to its customers as sufficient to state  claims for relief.

<u>Unfair Competition</u>:

Counterdefendants' contend that the counterclaim for unfair competition pursuant to California's Business and Professions Code section 17200 must be dismissed because none of the tort claims are actionable.  Because the tort counterclaims survive the motion to dismiss, the unfair

10

1 | competition counterclaim also survives.
2 |     For the reasons set forth above, counterdefendants'
3 | motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) is
4 | **DENIED**.  Counterdefendants shall answer by **August 1, 2008.**
5 | Dated: July 18, 2008
6 |                                  _____
7 |                                       Bernard Zimmerman
                                       United States Magistrate Judge

27 | G:\BZALL\-BZCASES\MAPONICS\ORDER RE MOTION TO DISMISS.FINAL RULING.wpd