1  George Frost (CA Bar # 158728)
   2930 Magnolia Street
2  Berkeley, CA 94705
   Telephone: (510) 666-0141
3  Facsimile: (510)_295-2562
   geofrost@comcast.net
4
5  Alexander Volchegursky (CA Bar # 209172)
   235 Montgomery Street, Suite 600
6  San Francisco, CA 94104
   Telephone: (415) 986-4000
7  Facsimile: (415) 986-4001

8  Attorneys for Plaintiff
   Maponics, LLC
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| 13  MAPONICS, LLC, a Vermont limited liability company, | Case No.: C07-05777 |
| 14                    Plaintiff, | **ANSWER** |
| 15              vs. | |
| 16  BERNT WAHL, an individual; FACTLE, a | |
| 17  California corporation; and DOES 1-20, inclusive | |
| 18 | |
| 19                    Defendants. | |
| 20  AND RELATED COUNTERCLAIMS | |

21        In answer to the Counterclaims filed by BERNT WAHL and FACTLE, a corporation,

22  (hereinafter, the "Counterclaimants"), Counterdefendants MAPONICS, LLC ("Maponics")

23

24

25

26

1
2
and Darrin Clement ("Clement") (hereinafter, the "Counterdefendants") respond to the

allegations thereof as follows[1]:

3
4
**THE PARTIES.**

5
6
7
8
48.    Counterdefendants admit the allegations set forth in Paragraph 48 of the

Counterclaims, except that they are without information and belief sufficient to enable them

to answer the allegation that Wahl was so domiciled "at all times material hereto," and on that

basis deny this allegation.

9
10
11
12
13
14
49.    Counterdefendants admit that Factle is a corporation organized in California,

as alleged in Paragraph 49 of the Counterclaims, except that they are without information and

belief sufficient to enable them to answer the allegation that "at all times material hereto"

Factle has had its principal place of business in the City of Berkeley within the Northern District

of California, and on that basis deny this allegation.

15
16
50.    Counterdefendants admit the allegations set forth in Paragraph 50 of the

Counterclaims.

17
18
19
51.    Counterdefendants admit the allegations set forth in Paragraph 51 of the

Counterclaims, except that they specifically deny that Clement was *personally* engaged in

business in the State of California and in the Northern District of California.

20
21
22
52.    Counterdefendants deny the allegations set forth in Paragraph 52 of the

Counterclaims.

23
24
53.    Counterdefendants deny the allegations set forth in Paragraph 53 of the

Counterclaims.

25
26
---
[1]    For the sake of convenience Counterdefendants will utilize the same numbering
system as the original Counterclaims, beginning at Paragraph 48.

PRINTED ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**JURISDICTION AND VENUE**

54.     Counterdefendants admit the allegations set forth in Paragraph 54 of the Counterclaims.

55.     Counterdefendants admit the allegations set forth in Paragraph 55 of the Counterclaims, but deny that the amount in controversy in Counterclaimants' counterclaims exceeds $75,000.

56.     Counterdefendants admit the allegations set forth in Paragraph 56 of the Counterclaims, except as they relate to Clement, which they deny.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

57.     Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 57 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 57 of the Counterclaims.

58.      Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 58 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 58 of the Counterclaims.

59.     Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 59 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 59 of the Counterclaims.

60.     Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 60 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 60 of the Counterclaims.

61.     Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 61 of the Counterclaims and on that basis

PRINTED ON RECYCLED PAPER

1    deny each and every allegation set forth in Paragraph 61 of the Counterclaims.

2        62.    Counterdefendants are without information and belief sufficient to enable them

3    to answer the allegations set forth in Paragraph 62 of the Counterclaims and on that basis

4    deny each and every allegation set forth in Paragraph 62 of the Counterclaims.

5        63.    Counterdefendants are without information and belief sufficient to enable them

6    to answer the allegations set forth in Paragraph 63 of the Counterclaims and on that basis

7    deny each and every allegation set forth in Paragraph 63 of the Counterclaims.

8        64.    Counterdefendants are without information and belief sufficient to enable them

9    to answer the allegations set forth in Paragraph 64 of the Counterclaims and on that basis

10   deny each and every allegation set forth in Paragraph 64 of the Counterclaims, except they

11   admit there is a difference between GIS and TIGER information.

12       65.    Counterdefendants are without information and belief sufficient to enable them

13   to answer the allegations set forth in Paragraph 65 of the Counterclaims and on that basis

14   deny each and every allegation set forth in Paragraph 65 of the Counterclaims.

15       66.    Counterdefendants are without information and belief sufficient to enable them

16   to answer the allegations set forth in Paragraph 66 of the Counterclaims and on that basis

17   deny each and every allegation set forth in Paragraph 66 of the Counterclaims.

18       67.    Counterdefendants are without information and belief sufficient to enable them

19   to answer the allegations set forth in Paragraph 67 of the Counterclaims and on that basis

20   deny each and every allegation set forth in Paragraph 67 of the Counterclaims.

21       68.    Counterdefendants are without information and belief sufficient to enable them

22   to answer the allegations set forth in Paragraph 68 of the Counterclaims and on that basis

23   deny each and every allegation set forth in Paragraph 68 of the Counterclaims.

PRINTED ON RECYCLED PAPER

69.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 69 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 69 of the Counterclaims.

70.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 70 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 70 of the Counterclaims.

71.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 71 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 71 of the Counterclaims.

72.    Counterdefendants admit the allegations set forth in Paragraph 72 of the Counterclaims, except they have not yet seen an executed Sales Referral Agreement as alleged by Wahl and do not admit either its existence or its terms.

73.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 73 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 73 of the Counterclaims.

74.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 74 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 74 of the Counterclaims.

75.    Counterdefendants admit only that Clement emailed Wahl on or about this date, and that the language of the email speaks for itself.  Counterdefendants are without information and belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 75 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 75 of the Counterclaims.

76.     Counterdefendants admit only that Wahl emailed Clement on or about this date, and that the language of email speaks for itself.  Counterdefendants are without information and belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 76 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 76 of the Counterclaims.

77.     Counterdefendants admit only that Clement emailed Wahl on or about this date, and that the language of the email speaks for itself.  Counterdefendants are without information and belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 77 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 77 of the Counterclaims.

78.     Counterdefendants admit only that Wahl emailed Clement on or about this date, and that the language of email speaks for itself.  Counterdefendants are without information and belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 78 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 78 of the Counterclaims.

79.     Counterdefendants admit only that Clement emailed Wahl on or about this date, and that the language of the email speaks for itself.  Counterdefendants are without information and belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 79 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 79 of the Counterclaims.

80.     Counterdefendants admit only that Wahl emailed Clement on or about this date, and that the language of email speaks for itself.  Counterdefendants are without information and belief sufficient to enable them to answer the remaining allegations set forth

PRINTED ON RECYCLED PAPER

in Paragraph 80 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 80 of the Counterclaims.

81.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 81 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 80 of the Counterclaims.

82.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 82 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 82 of the Counterclaims.

83.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 83 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 83 of the Counterclaims.  However, they specifically deny having made "false statements" on the internet as to the origin of the neighborhood mapping data purchased from HomeGain.

84.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 84 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 84 of the Counterclaims.

85.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 85 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 85 of the Counterclaims.

86.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 86 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 86 of the Counterclaims.

87.    Counterdefendants are without information and belief sufficient to enable them

PRINTED ON RECYCLED PAPER

to answer the allegations set forth in Paragraph 87 of the Counterclaims and on that basis

deny each and every allegation set forth in Paragraph 87 of the Counterclaims..

88.    Counterdefendants admit the allegations set forth in Paragraph 88 of the

Counterclaims.

89.    Counterdefendants admit only that Clement emailed a manager of Ask.com on

or about this date, and that the language of the email speaks for itself.  Counterdefendants are

without information and belief sufficient to enable them to answer the remaining allegations

set forth in Paragraph 89 of the Counterclaims and on that basis deny each and every

allegation set forth in Paragraph 89 of the Counterclaims.

90.    Counterdefendants admit only that Clement emailed a manager of

Toursheet.com on or about this date, and that the language of the email speaks for itself.

Counterdefendants are without information and belief sufficient to enable them to answer the

remaining allegations set forth in Paragraph 78 of the Counterclaims and on that basis deny

each and every allegation set forth in Paragraph 78 of the Counterclaims.

91.    Counterdefendants admit only that Wahl sent an email on or about this date,

and that the language of the email speaks for itself.

92.    Counterdefendants deny the allegations set forth in Paragraph 92 of the

Counterclaims.

93.    Counterdefendants admit only that Wahl sent an email on or about this date,

and that the language of the email speaks for itself.  Counterdefendants are without

information and belief sufficient to enable them to answer the remaining allegations set forth

in Paragraph 93 of the Counterclaims and on that basis deny each and every allegation set

forth in Paragraph 93 of the Counterclaims.

PRINTED ON RECYCLED PAPER

94.     Counterdefendants deny the allegations set forth in Paragraph 94 of the Counterclaims.

95.     Counterdefendants deny all of the allegations set forth in Paragraph 95 of the Counterclaims, except they admit that in the context of this lawsuit, two Factle customers were advised of the existence of this lawsuit, and of the nature of the claims against Wahl and Factle.

96.     Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 96 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 96 of the Counterclaims.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**
**Against MAPONICS**

97.     Counterdefendants reallege and incorporate by reference as if fully set forth herein each and every allegation set forth in Paragraphs 48 through 96, hereinabove.

98.     Counterdefendants admit that Maponics has filed a claim which includes a claim for infringement of United States Copyright Registration No. VA 1-377-209. Counterdefendants deny each and every other allegation set forth in Paragraph 98.

99.     Counterdefendants deny the allegations set forth in Paragraph 99 of the Counterclaims.

100.     Counterdefendants deny the allegations set forth in Paragraph 100 of the Counterclaims.

101.     Counterdefendants deny the allegations set forth in Paragraph 101 of the Counterclaims.

102.     Counterdefendants deny the allegations set forth in Paragraph 102 of the Counterclaims.

PRINTED ON RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**SECOND CLAIM FOR RELIEF**
**(Defamation – Libel per se)**
**WAHL Against MAPONICS and CLEMENT**

103.    Counterdefendants reallege and incorporate by reference as if fully set forth herein each and every allegation set forth in Paragraphs 48 through 96, and 98 through 102, hereinabove.

104.    Counterdefendants deny the allegations set forth in Paragraph 104 of the Counterclaims.

105.    Counterdefendants deny the allegations set forth in Paragraph 105 of the Counterclaims.

106.    Counterdefendants deny the allegations set forth in Paragraph 106 of the Counterclaims.

107.    Counterdefendants deny the allegations set forth in Paragraph 107 of the Counterclaims.

108.    Counterdefendants deny the allegations set forth in Paragraph 108 of the Counterclaims.

109.    Counterdefendants deny the allegations set forth in Paragraph 109 of the Counterclaims.

110.    Counterdefendants deny the allegations set forth in Paragraph 110 of the Counterclaims.

111.    Counterdefendants deny the allegations set forth in Paragraph 111 of the Counterclaims.

1

2

**THIRD CLAIM FOR RELIEF**
**(Trade Libel/Product Disparagement)**
**FACTLE Against MAPONICS and CLEMENT**

3

4

5

112.    Counterdefendants reallege and incorporate by reference as if fully set forth herein each and every allegation set forth in Paragraphs 48 through 96, 98 through 102, and 104 through 111, hereinabove.

6

7

8

113.    Counterdefendants deny the allegations set forth in Paragraph 113 of the Counterclaims.

9

10

114.    Counterdefendants deny the allegations set forth in Paragraph 114 of the Counterclaims.

11

12

115.     Counterdefendants deny the allegations set forth in Paragraph 115 of the Counterclaims.

13

14

116.    Counterdefendants deny the allegations set forth in Paragraph 116 of the Counterclaims.

15

16

17

117.    Counterdefendants deny the allegations set forth in Paragraph 117 of the Counterclaims.

18

19

118.    Counterdefendants deny the allegations set forth in Paragraph 118 of the Counterclaims.

20

21

119.    Counterdefendants deny the allegations set forth in Paragraph 119 of the Counterclaims.

22

23

24

120.    Counterdefendants deny the allegations set forth in Paragraph 110 of the Counterclaims.

25

26

1

2

### FOURTH CLAIM FOR RELIEF
**(Interference with Contractual Relations)**
**Against MAPONICS and CLEMENT**

3

4

5

121.    Counterdefendants reallege and incorporate by reference as if fully set forth herein each and every allegation set forth in Paragraphs 48 through 96, 98 through 102, 104 through 111, and 113 through 120, hereinabove.

6

7

8

9

122.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 122 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 122 of the Counterclaims.

10

11

12

123.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 123 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 123 of the Counterclaims.

13

14

15

16

124.    Counterdefendants are without information and belief sufficient to enable them to answer the allegations set forth in Paragraph 124 of the Counterclaims and on that basis deny each and every allegation set forth in Paragraph 124 of the Counterclaims.

17

18

125.    Counterdefendants deny the allegations set forth in Paragraph 125 of the Counterclaims.

19

20

126.    Counterdefendants deny the allegations set forth in Paragraph 126 of the Counterclaims.

21

22

23

127.    Counterdefendants deny the allegations set forth in Paragraph 127 of the Counterclaims.

24

25

128.    Counterdefendants deny the allegations set forth in Paragraph 128 of the Counterclaims.

26

129.    Counterdefendants deny the allegations set forth in Paragraph 129 of the

1  Counterclaims.

2  **FIFTH CLAIM FOR RELIEF**
   **(Interference with Prospective Economic Advantage)**
3  **Against MAPONICS and CLEMENT**

4       130.    Counterdefendants reallege and incorporate by reference as if fully set forth herein

5  each and every allegation set forth in Paragraphs 48 through 96, 98 through 102, 104 through 111,

6  113 through 120, and 122 through 129, hereinabove.

7       131.    Counterdefendants are without information and belief sufficient to enable them

8  to answer the allegations set forth in Paragraph 131 of the Counterclaims and on that basis

9  deny each and every allegation set forth in Paragraph 131 of the Counterclaims.

10

11       132.    Counterdefendants are without information and belief sufficient to enable them

12  to answer the allegations set forth in Paragraph 132 of the Counterclaims and on that basis

13  deny each and every allegation set forth in Paragraph 132 of the Counterclaims.

14       133.    Counterdefendants deny the allegations set forth in Paragraph 133 of the

15  Counterclaims.

16

17       134.    Counterdefendants deny the allegations set forth in Paragraph 134 of the

18  Counterclaims.

19       135.    Counterdefendants deny the allegations set forth in Paragraph 135 of the

20  Counterclaims.

21       136.    Counterdefendants deny the allegations set forth in Paragraph 136 of the

22  Counterclaims.

23

24       137.    Counterdefendants deny the allegations set forth in Paragraph 137 of the

25  Counterclaims.

26       138.    Counterdefendants deny the allegations set forth in Paragraph 138 of the

PRINTED ON RECYCLED PAPER

Counterclaims.

139.    Counterdefendants deny the allegations set forth in Paragraph 139 of the

Counterclaims.

**SIXTH CLAIM FOR RELIEF**
**(Unfair Competition - California Business and Professions Code section 17200)**
**Against MAPONICS and CLEMENT**

140.    Counterclaimants reallege and incorporate by reference as if fully set forth herein

each and every allegation set forth in Paragraphs 48 through 96, 98 through 102, 104 through 111,

113 through 120, 122 through 129, and 131 through 139, hereinabove.

141.    Counterdefendants deny the allegations set forth in Paragraph 141 of the

Counterclaims.

142.    Counterdefendants deny the allegations set forth in Paragraph 142 of the

Counterclaims.

143.    Counterdefendants deny the allegations set forth in Paragraph 143 of the

Counterclaims.

**SEVENTH CLAIM FOR RELIEF**
**(Respondeat Superior/Ratification)**
**Against MAPONICS**

144.    Counterdefendants reallege and incorporate by reference as if fully set forth herein

each and every allegation set forth in Paragraphs 48 through 96, 98 through 102, 104 through 111,

113 through 120, 122 through 129, 131 through 139, and 141 through 143, hereinabove.

145.    Counterdefendants deny the allegations set forth in Paragraph 145 of the

Counterclaims.

146.    Counterdefendants deny the allegations set forth in Paragraph 146 of the

Counterclaims.

1

2

147.    Counterdefendants deny the allegations set forth in Paragraph 147 of the Counterclaims.

3

4

148.    Counterdefendants deny the allegations set forth in Paragraph 148 of the Counterclaims.

5

6

**AFFIRMATIVE DEFENSES**

7

8

As and for affirmative defenses to all claims for relief, answering Counterdefendants allege:

9

**FIRST AFFIRMATIVE DEFENSE**

10

11

The Countercomplaint, and each purported claim for relief contained therein, fails to state a claim upon which relief can be granted.

12

**SECOND AFFIRMATIVE DEFENSE**

13

14

15

By reason of each of the Counterclaimants acts and conduct in the matters which are the subject of the Coun, some or all of the claims for relief alleged by Counterclaimants are barred by the doctrine of unclean hands.

16

17

**THIRD AFFIRMATIVE DEFENSE**

18

19

20

Counterdefendants affirmatively assert that all statements and comments by Counterdefendants about Counterclaimants were true and thus, can not be the basis for a defamation action.

21

22

**FOURTH AFFIRMATIVE DEFENSE**

23

24

25

All statements and comments made by Counterdefendants about Counterclaimants were made by Counterdefendants with good motive and were fair comments made as a private citizen exercising his right of free speech, discussing matters of public importance, as a

26

1    concerned citizen of the community.

2                              **FIFTH AFFIRMATIVE DEFENSE**

3        The matters addressed by Counterclaimants concerning statements allegedly made by

4    Clement were all made in the context of this litigation and are subject to the litigation privilege.

5    Civil Code §47.  Therefore the Counterdefendants' statements are privileged and cannot be a

6    basis for liability.

7

8                              **SIXTH AFFIRMATIVE DEFENSE**

9        The action brought by Counterclaimants is a SLAPP suit precluded by Code of Civil

10   Procedure § 425.16, and Counterdefendants are thus entitled to an award of reasonable

11   attorneys' fees in defending this suit.

12

13                             **SEVENTH AFFIRMATIVE DEFENSE**

14       No act or omission on the part of Counterdefendants either caused or contributed to

15   whatever injury (if any) the Counterclaimants may have sustained.

16

17                              **EIGHTH AFFIRMATIVE DEFENSE**

18   Counterclaimants have failed to properly mitigate their damages.

19                              **NINTH AFFIRMATIVE DEFENSE**

20   Counterclaimants' claims are barred under the substantial truth doctrine.

21

22                              **TENTH AFFIRMATIVE DEFENSE**

23        The Counterdefendants' statements are not properly subject to liability because they

24   contained no provably false assertions of fact.

25

26

PRINTED ON RECYCLED PAPER

**TWELFTH AFFIRMATIVE DEFENSE**

The Counterdefendants are immune from this suit pursuant to 47 U.S.C. § 230(c).

**THIRTEENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred by the doctrine of estoppels and/or release.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Countercomplaint, and each purported cause of action therein, fail to state facts sufficient to establish that Counterclaimants have been or will be damaged all by reason of any acts or omissions to act of Counterdefendants, and the Countercomplaint should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Countercomplaint, and each purported cause of action therein, are uncertain, ambiguous, and unintelligible, and the Countercomplaint should thereby be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**SIXTEENTH AFFIRMATIVE DEFENSE**

The purported damages, if any, allegedly suffered by Counterclaimants were proximately caused, if at all, by their own acts and omissions and/or by the acts or omissions of persons other than Counterdefendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The purported damages, if any, allegedly suffered by Counterclaimants are speculative, unreasonable and excessive.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Countercomplaint, and each purported cause of action therein, are barred by the

PRINTED ON RECYCLED PAPER

1  doctrine of laches.

2  **NINETEENTH AFFIRMATIVE DEFENSE**

3  The Countercomplaint, and each purported cause of action therein, are barred by the

4  doctrine of waiver.

5  **TWENTIETH AFFIRMATIVE DEFENSE**

6

7  The Countercomplaint, and each purported cause of action therein, are barred by the

8  applicable statutes of limitations.

9  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

10  The Countercomplaint, and each purported cause of action therein, are barred by the

11  doctrine of bad faith.

12  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13

14  The purported damages, if any, allegedly suffered by Counterclaimants are barred by

15  the doctrine of assumption of risk.

16  DATED:  August 1, 2008                           LAW OFFICES OF GEORGE FROST

17

18

19                                                   By  ____/s/ George Frost_____

20                                                       George Frost
                                                         Alex Volchegursky
21                                                       Attorneys for Plaintiff

22

23

24

25

26

PRINTED ON RECYCLED PAPER